### EGAN v. MORAN TOWING & TRANS-PORTATION CO., Inc., et al.

District Court, S. D. New York.
Jan. 25, 1939.

622

Silas B. Axtell, of New York City, for petitioner.

Burlingham, Veeder, Clark & Hupper, of New York City, for respondents.

HULBERT, District Judge.

Petitioner alleges that he has retained counsel to prosecute an action against the respondents for damages for the wrongful death of the decedent occasioned while he was in the respondents' employ on board one of its tugs within the jurisdiction of this Court, and that said action is to be brought under the Jones Act, 46 U.S.C.A. § 688, although the petition does not state specifically in what court the action will be brought.

An inspection and survey of the tug, photographs, etc., is requested pursuant to Rules 27 and 34 of the new Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Although this is an ex parte application, the respondents had had some notice and submitted an affidavit in opposition.

Rule 27(a) (1) provides that a person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of the United States may file a verified petition in the District Court of the United States in the district of the residence of any expected adverse party setting forth: "1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, * * * and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined in the petition, for the purpose of perpetuating their testimony."

Rule 34 relates to "Discovery And Production Of Documents And Things For Inspection, Copying, Or Photographing," and provides: "Upon motion of any party showing good cause therefor and upon notice to all other parties, the court in which an action is pending may (1) order any party to produce and permit the inspection * * * or (2) * * * entry upon designated land or other property * * * for the purpose of * * * surveying, or photographing the property or any designated relevant object or operation thereon."

It is quite clear that the petition does not seek to perpetuate testimony of any person within the purview of Rule 27 and that it cannot be entertained under Rule 34 since there is no action pending.

The petition states: "From the testimony thus far adduced before the Local Steamboat Inspectors, it appears that the respondents were negligent and the tug was in an unseaworthy condition."

It would seem therefore that the petitioner should be able to frame a complaint and institute the action.

Petition is denied.