## Petition of EXSTEIN.

District Court, S. D. New York.
Nov. 4, 1942.

Leo B. Lebovitz, of New York City, for petitioner.

Greenbaum, Wolff & Ernst, of New York City (Jonas J. Shapiro and Theodore S. Jaffin, both of New York City, of counsel), for respondents.

MANDELBAUM, District Judge.

Petitioner has applied under Rule 27 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, for an order directing the perpetuation of testimony of certain specified individuals and corporations, against all or some of whom he later intends to bring an action.

■ Petitioner agreed to purchase a quantity of steel rails. The written memorandum of sale is on the stationery of Dulien Steel Products, Inc., a Washington corporation. He claims that a breach of contract has occurred, and desires to institute suit but asserts that he is confronted with the following obstacles. That through the means of the corporate entity, respondent, Louis Dulien, is able to operate as an individual and as three separate corporations, each of which is incorporated in a different state; that the petitioner has a cause of action against some or all of the persons named in the petition; that he is unable to join all possible defendants in a single action by reason of the geographical limitations on the service of processes as found in Rule 4 of the Federal Rules of Civil Procedure. Petitioner further fears that a suit against any one corporation will elicit a defense of liability only of one of the nonjoined corporations, and it is therefore necessary that he be permitted to examine the respondents so that he may determine who to join and where to commence the action.

The opposition to the application is twofold: First, lack of jurisdiction on the part of this court to entertain the application. Second, the purpose for which this application is made is without the purview of Rule 27(a) of the Federal Rules of Civil Procedure.

An examination of the petition and affidavits upon which this application is based, as well as the authorities submitted, leads the court to the conclusion that the application must fail.

■ Rule 27 provides two alternate methods to perpetuate testimony. The old method—by action to perpetuate testimony under Section 644 of 28 U.S.C.A. (Rule 27(c)—and the new simple method under Rule 27(a). Under the old method, the purpose of such suit was to preserve known testimony against danger of loss. State of Arizona v. State of California, 292 U.S. 341, 347, 348, 54 S.Ct. 735, 78 L.Ed. 1298. It could not be employed to obtain information in order to frame a complaint. 18 Corpus Juris, p. 609; 26 C.J.S., Depositions, § 5. Rule 27 did not enlarge the scope of the old practice. I find nothing in the language of the rule itself or in the proceedings before the Advisory Committee appointed to draft the new federal rules to indicate that the rule may be used for purposes other than that permitted under the old practice. On the contrary, I find

expression that Rule 27 was not intended to permit discovery in order to frame the complaint. See Egan v. Moran Towing & Transportation Co., D.C., 26 F.Supp. 621.

I have examined the case cited by the petitioner in his letter and find it inapplicable to the facts at bar. In Re Ernst, D.C.S.D.Cal. 1942, 2 F.R.D. 447.

I am denying the application on the merits and accordingly find no necessity of discussing the objection raised to jurisdiction.