**Petition of FERKAUF.**

District Court, S. D. New York.
March 24, 1943.

Melton, Lebovici & Arkin, of New York City, for petitioner.

Benjamin Heffner, of New York City, for expected adverse party.

COFFEY, District Judge.

The petitioner asks for an order authorizing him to take the deposition of the Leon Decorating Company, Inc., by a corporate officer he names. His request is made under the provisions of rule 27 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. That rule provides that five things be shown. These are: "1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so

far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each * * *."

The rule further provides in subdivision (a) (3) that "If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, it shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written interrogatories."

In an attempt to bring himself within rule 27 the petitioner alleges that he desires to commence an action under the provisions of the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., to recover unpaid overtime and unpaid minimum wages due him from the Leon Decorating Company, Inc., by which he was employed from August 4, 1941, to December 19, 1942. He states that his employer was engaged in the decorating business; that his employment was such that he was required to work on various jobs, at different places, many of which were at night; that, in order to compute the amount of his claim and frame a complaint, he must know what jobs he worked on and when and where he worked on them; and that, although he can remember many of these jobs, he cannot state with accuracy when he worked on them or the amount of time spent on each. He asks, therefore, that before action is commenced, he be permitted to examine his former employer who will be able to supply the needed information from the corporate books and records.

There are several probable reasons why the petition should not be granted. Only one will be discussed at length and this is that the reasons advanced by the petitioner do not entitle him to invoke the provisions of rule 27.

■ Although the rule does not in express terms state that it may not be availed of for the sole purpose of framing a complaint, from reading it, together with the other rules dealing with the taking of depositions, rules 26, 28 to 33, it is apparent that it was not intended to be used for such purpose.

■ In the notes to rule 27 prepared by the Advisory Committee appointed by the United States Supreme Court to assist in preparing the Federal Rules of Civil Procedure (Senate Document No. 101, 76th Congress, 1st Session) it is stated that this "rule offers a simple method of perpetuating testimony in cases where it is usually allowed under equity practice or under modern statutes." The committee then refers to three cases. These are State of Arizona v. State of California, 1934, 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298; Todd Engineering Dry Dock & Repair Co. v. United States, 5 Cir., 1929, 32 F.2d 734; Hall v. Stout, 1871, 4 Del.Ch. 269.

■ In the first of the cases cited, in discussing a bill of complaint to perpetuate testimony, the court said (292 U.S. at page 347, 54 S.Ct. at page 737, 78 L.Ed. 1298): "The sole purpose of such a suit is to perpetuate the testimony. To sustain a bill of this character, it must appear that the facts which the plaintiff expects to prove by the testimony of the witnesses sought to be examined will be material in the determination of the matter in controversy; that testimony will be competent evidence; that depositions of the witnesses cannot be taken and perpetuated in the ordinary methods prescribed by law, because the then condition of the suit (if one is pending) renders it impossible, or (if no suit is then pending) because the plaintiff is not in a position to start one in which the issue may be determined; and that taking of the testimony on bill in equity is made necessary by the danger that it may be lost by delay."

It is true that what was discussed is an action to perpetuate testimony, whereas here the petitioner is not proceeding by action, but brings up the question by petition and notice of motion. However, that is a procedural distinction only. Whether one or the other method be followed, the purpose of perpetuating testimony is the same; namely, to obviate "the danger that it may be lost by delay."

At first blush, the case of Todd Engineering Dry Dock & Repair Co. v. United States, supra, seems to lend encouragement to the proposition that under the former Federal statute dealing with bills to perpetuate testimony, 28 U.S.C.A. § 644, the testimony of an expected defendant might be taken for the purpose of enabling a party to frame a complaint. However, on a full reading of the decision, together with the opinion of the lower court reported in The West Ira, D.C., 24 F.2d 858, it is readily apparent that the testimony was allowed to be taken before action was commenced because of the possibility that it would otherwise be lost.

In Hall v. Stout, supra, the court allowed a person in possession of lands and claiming to hold as tenant by curtesy, but whose rights in that respect were disputed by others, to maintain a bill to perpetuate the testimony of two witnesses. It was pointed out, however, that the person in possession was without power to commence immediate proceedings to settle the question of title; also that material evidence on this issue was within the exclusive knowledge of two witnesses and there was danger of its being lost through their deaths.

■ The three cases mentioned show what the Advisory Committee had in mind when rule 27 was drafted. They emphasize the fact that the committee intended the rule to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time.

At the meeting of the American Bar Association Institute of Federal Rules held in Cleveland, Ohio, in 1938, the precise problem was presented to Professor Edson R. Sunderland, Professor of Law at the University of Michigan, and a member of the Advisory Committee. When a question was put to him, he answered as follows: "Under the literal wording of the rule, the suggestion that you make [that the rule be used for discovery purposes] might be possible. The rule provides that the petition shall show, first, that the petitioner expects to be a party to an action cognizable in the court of the United States, but is presently unable to bring it, or cause it to be brought, and he might urge that he is presently unable to bring the action because he doesn't know enough facts to draw his complaint. While that is a possible construction of the language, it was not the intention of the Committee to allow any such use of the rule." Federal Rules of Civil Procedure and Proceedings of the American Bar Association Institute held at Cleveland, Ohio, on July 21, 22, 23, 1938, pp. 292 and 293.

Again, at the New York Symposium on Federal Rules Professor Sunderland pointed out the distinction between rule 27 and section 295 of the New York Civil Practice Act, as follows: "Under the New York rule there is no provision for notice to adverse parties as a condition for the taking, but it is provided that if the notice is not given, the deposition cannot thereafter be used in evidence against parties not notified. Allen v. Van Allen, 1929, 225 App.Div. 873, 232 N.Y.S. 658. This would seem to indicate that the New York statute was intended primarily for discovery purposes and not for perpetuation of testimony. The federal rule is intended primarily for perpetuation of testimony to be used as evidence, not primarily for discovery." Federal Rules of Civil Procedure, Proceedings of the Institute at Washington, D. C., October 6, 7, 8, 1938, and of the Symposium at New York City, October 16, 18, 19, 1938, p. 264.

The only two cases to which my attention has been called, wherein the provisions of rule 27 under consideration were discussed, are not to the contrary. Thus in Egan v. Moran Towing & Transportation Co., S.D.D.C.N.Y., 1939, 26 F.Supp. 621, the court held that an inspection and survey of a tug boat, photographs, etc., for use in an action to recover damages for wrongful death could not be obtained under rule 27. So also in Petition of Ernst, S.D.D.C.Cal., 1942, 2 F.R.D. 447, the court granted a petition to perpetuate testimony when the petitioner showed that in all probability she would be assessed for a deficiency in certain Federal estate taxes; that no proceedings could then be commenced to test the validity of such assessment because of certain limitations contained in the Internal Revenue Code, 26 U. S.C.A.Int.Rev.Code § 3772; and that until such proceedings could be commenced there was danger that the testimony of witnesses might be lost.

■ From the foregoing it seems clear that rule 27 was not intended to be used as a discovery statute; that its purpose was not to enable a prospective litigant to discover facts upon which to frame a complaint. Rule 26, and not rule 27, provides the method for discovering facts and that rule may be availed of only after action has been commenced. Furthermore, under the Federal rules the method of pleading has been so simplified that there are few situations wherein a prospective litigant, who has a meritorious cause of action, would not be in possession of sufficient facts upon which to frame a complaint. The case at bar does not present such a situation.

In addition to what has already been said, there are two other possible obstacles to affording the relief desired. The first is the looseness of a showing with respect to jurisdiction. Doubtless, as seems to be assumed, this court would have jurisdiction if the action were brought here (Cf. LaGuardia v. Austin-Bliss General Tire Co., D.C.S.D.N.Y., 1941, 41 F.Supp. 678; Mason v. T. & P. Optical Mfg. Co., D.C.S. D.N.Y., 1941, 42 F.Supp. 98); but the presumption is always against jurisdiction in a Federal court  The petition should have been more definite on the point. In the second place, as brought out by affidavit, the prospective adverse party, a corporation, has been dissolved.

Lastly, it may not be amiss to call attention to subdivision (c) of rule 27. Under that the power of this court "to entertain an action to perpetuate testimony" has been expressly preserved.

Petition denied.  Settle order on two days' notice.