**Petition of JOHANSON GLOVE CO., Inc., et al.**

**No. 993.**

District Court, E. D. New York.

Oct. 9, 1945.

Benjamin C. Ribman, of New York City, for petitioners (for the motion).

Rogers, Hoge & Hills, of New York City (Leslie D. Taggart, of New York City, of counsel), for American Machinery & Foundry Co., proposed defendant (opposed).

KENNEDY, District Judge.

Petitioners move for an order to perpetuate testimony under Rule 27, Federal Rules Civil Procedure, 28 U.S.C.A. following section 723c, of various officers and employees of American Machine & Foundry Company, the putative defendant. The petition itself is couched in the language of the rules.

The American Machine & Foundry Company opposes the petition on the ground that it is not within the rules because no showing has been made of inability on the part of the petitioners to commence an action, and that on the contrary the petition itself discloses that there is now in possession of petitioner all the information necessary to frame a complaint.

Before the adoption of Rule 27 it was possible to bring an action to perpetuate testimony under 28 U.S.C.A. § 644. The codes of various states outline procedures which, on the surface, are very similar to that authorized by Rule 27 (e. g. California Code of Civil Procedure, Deering 1931, §§ 2084–2089; Iowa Code, 1935, §§ 11400–11407; New York Civil Practice Act § 295, Rule 122 of the Rules of Civil Practice). The issue here is really whether under Rules 27, Federal Rules Civil Procedure, a prospective litigant may obtain a *discovery* in advance of the service of a complaint. If that is not possible the motion must be denied. I have stated the issue in this way

because petitioners frankly admit that their object is to secure facts which will determine whether they should proceed on the law or the equity side of the court. Their own petition demonstrates that they could frame some kind of complaint. They do not state any real reason why they are unable at this time to commence an action; they urge that they should be given the benefits of Rule 27 because they are not sure what kind of complaint they wish to serve. Therefore, if they are not entitled under the rule to a discovery with the object of framing a complaint, then their petition is without basis.

Judge Caffey has dealt with the whole subject in a typically scholarly opinion. Petition of Ferkauf, D.C.1943, 3 F.R.D. 89. He concludes that, unlike the New York statute, Rule 27 does not permit discovery, but means just what it says, namely, that a litigant may *perpetuate* testimony in a situation where he has demonstrated that he cannot commence an action, and therefore may be the victim of injustice if he cannot guard against the loss of evidence which is presently available and would be presently usable if the obstacle against the commencement of an action did not exist. Petition of Ernst, D.C.1942, 2 F.R.D. 447, typifies cases where there *is* a real obstacle to the commencement of an action. In that case the action sought to be commenced would be against the Collector of Internal Revenue. It could not be immediately instituted because under the statutes the Commissioner has six months within which to render a decision. Judge O'Connor held that in such a case petitioner was entitled to perpetuate testimony. In Petition of Exstein, D.C.1942, 3 F.R.D. 242, Judge Mandelbaum holds specifically that Rule 27 was not intended to permit discovery in order to frame a complaint.

Petitioners say that I should not follow these cases, but should "liberalize" the rule. They point to the fact that the First and Second Departments of the New York Supreme Court have for some years differed on the construction of the provisions of the Civil Practice Act dealing with examinations before trial. I take this to be an invitation to inject a similar confusion between the procedure in the Southern District of New York and that in the Eastern District of New York, all under the guise of liberality.

■ But I agree with Judge Coffey that Rule 27 means just what it says. It gives to a litigant the privilege to "perpetuate testimony." As a basis for that privilege the litigant must not only show that he has a cause of action, but also that he is presently unable to commence that action, not because he is worried about the phraseology of the complaint, but because there is some obstacle beyond his control that prevents him from bringing it. Certainly, this ought to be the true construction of the rule in a case where the petitioner seeks, not to perpetuate his own testimony, or that of witnesses under his control, but rather to secure the testimony of persons who are connected with the adverse party. The latter would be pure discovery.

I acknowledge the beneficial results that have followed the more liberal attitude toward discovery proceedings, but something is to be said for the party proceeded against. It is one thing to permit discovery where the party making it knows in a general way what the adverse claim is. It is another thing to permit discovery where the party proceeded against is completely in the dark.

■ The motion is denied on the authority of Petition of Ferkauf and Petition of Exstein, supra.