IN RE THE PEOPLE OF PUERTO RICO, Petitioner and Appellee, *v.* UNITED THEATRES, INC., ET AL., Oppositors and Appellants.

No. 10942. Argued March 3, 1954.—Decided April 29, 1954.

*Lino J. Saldaña, Luis F. Sánchez Vilella, C. Morales, Jr.,* and *Sarah Torres Peralta* for appellants. *José Trías Monge, Attorney General, (J. B. Fernández Badillo, Acting Attorney General,* on the brief) and *R. Olivo Nieves* and *Arnaldo P. Cabrera, Assistant Attorneys General,* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

On August 29, 1949, the People of Puerto Rico, represented by its Treasurer, filed a petition in the former Tax Court of Puerto Rico substantially alleging: (1) that it expects to be a party to an action cognizable in that court, but is presently unable to bring it and in order to do so it has to perpetuate the testimony which it prays for; (2) it concerns a tax claim for the amount of $4,593.77 already levied on and owed by the United Theatres, Inc., a corporation organized under our laws and dissolved on or about April 7, 1942; (3) the facts which it desires to establish by the proposed testimony are the following: (*a*) who were the shareholders and directors of the corporation at the date of its dissolution, and the number of shares and value thereof belonging on said date to each stockholder or director; (*b*) directors who had charge of the liquidation when the corporation was dissolved and the total value of the property owned by the corporation which passed to the hands of the liquidators; (*c*) date of the liquidation, if terminated, and amount received or benefit corresponding to each stockholder or liquidator director; (*d*) debts paid by the corporation in liquidation; (*e*) if the corporation is still under liquidation, property of the corporation in possession of the liquidators; and that at present and because of the aforesaid liquidation, petitioner is unable to determine the facts enumerated above, and which are essential to the cause of action; (4) that petitioner expects as adverse parties the United Theatres Inc. in liquidation, Rafael Ramos Cobián, as its president, Eduardo G. González, as Vice-president, Julio R. Bruno, as secretary, and Américo Miranda as alternate member without including the treasurer, C. Steward

Graham, who died, in addition to other stockholders whom
petitioner does not know; (5) the persons to be examined
on the aforestated particulars are Rafael Ramos Cobián,
Eduardo G. González, Julio R. Bruno, and Américo Miranda,
whose addresses are specified and all of whom are of age and
are not incapacitated. Upon service of this petition, the
United Theatres Inc. as well as the persons whose deposi-
tions were desired, appeared of record, the former Tax Court
of Puerto Rico rendering on April 30, 1951 a reasoned opin-
ion authorizing the taking of the depositions prayed for.
Reconsideration was timely sought and it was denied by
order of February 24, 1953 of the Superior Court of Puerto
Rico, San Juan Part.[1]  The parties opposed took an appeal.
They assign as sole error that the trial court erred "in order-
ing that depositions be taken in the case herein, in order to
perpetuate testimony under Rule 27 of the Rules of Civil
Procedure in view of the fact that according to the aver-
ments of the petitioner, his sole purpose is to obtain a dis-
covery of evidence before commencing his action on facts
which he does not know and which he desires to clarify in
order to be in a position to file a complaint."  They are
correct.

██ Rule 27 of the Rules of Civil Procedure for the
courts of Puerto Rico provides, in its paragraph (*a*) (1) the
following:

"(*a*) *Before Action.*

"(1) *Petition.*—A person who desires to perpetuate his own
testimony or that of another person regarding any matter that
may be cognizable in any court of Puerto Rico may file a
verified petition in the district court of the district of the resi-
dence of any expected adverse party. The petition shall be
entitled in the name of the petitioner and shall show: 1, that
the petitioner expects to be a party to an action cognizable in
a court of Puerto Rico but is presently unable to bring it or
cause it to be brought, 2, the subject matter of the expected

[1] See Act No. 11 of July 24, 1952 (Spec. Sess. Laws, p. 30).

action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined, stating whether any of them is a minor or incompetent, and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony."

There is wide-spread controversy as to the scope and interpretation of the afore-copied paragraph of Rule 27. However, almost all the authorities and commentaries submitted to us, or which we have been able to find on that subject, are to the effect that *"depositions before action"* authorized by the Rule only issue to perpetuate testimony which is within the knowledge of the party who desires its perpetuation, but as to which there exists the danger of loss or disappearance, as well as that the Rule may not be employed before a complaint or proceeding is commenced, for the sole and exclusive purpose of discovering evidence in order to frame a complaint. This is so notwithstanding the fact that so-called fishing expeditions are permitted under the Rules of Civil Procedure. *Water Resources Authority* v. *District Court*, 66 P.R.R. 796; *Rickman* v. *Taylor*, 329 U. S. 495, 507; *Bergstrom* v. *Continental Ins. Co.*, 7 F.R.D. 548. But this is not the case of a mere fishing expedition. It goes still further.

Let us examine the case law and textwriters regarding the question at issue. Judge Mandelbaum of the District Court of New York, Southern District, In The Matter Of The Petition of Exstein, 7 Fed. Rules Serv. 536, tells us that Rule 27 provides two alternate methods to perpetuate testimony: "the old method—by action to perpetuate testimony under Section 644 of Title 28 U.S.C. (Rule 27 c)—and the new simple method under Rule 27 (a)", that under the old

method, the purpose of such suit was to preserve known testimony against danger of loss, that it could not be employed to obtain information in order to frame a complaint and that Rule 27 did not enlarge the scope of the old practice. He further states, "I find nothing in the language of the rule itself or in the proceeding before the Advisory Committee appointed to draft the new federal rules to indicate that the rule may be used for purposes other than that permitted under the old practice. On the contrary, I find expression that *Rule 27 was not intended to permit discovery in order to frame the complaint.*" (Italics ours.)

Judge Caffey, also of the District Court, Southern District of New York, in the proceeding entitled "Petition of Ferkauf" 7 Fed. Rules Serv. 537, 3 F.R.D. 89, makes the most elaborate study that we have found on a question similar to the one involved herein. He states:

"Although the rule does not in express terms state that it may not be availed of for the sole purpose of framing a complaint, from reading it, together with the other rules dealing with the taking of depositions, rules 26, 28 to 33, *it is apparent that it was not intended to be used for such purpose.*

"In the notes to rule 27 prepared by the Advisory Committee appointed by the United States Supreme Court to assist in preparing the Federal Rules of Civil Procedure . . . it is stated that this 'rule offers a simple method of perpetuating testimony in cases where it is usually allowed under equity practice or under modern statutes.' The committee then refers to three cases. These are *State of Arizona* v. *State of California,* 1934, 292 U. S. 341, 54 S. Ct. 735, 78 L. Ed. 1298; *Todd Engineering Dry Dock & Repair Co.* v. *United States,* 5 Cir., 1929, 32 F. 2d 734; *Hall* v. *Stout,* 1871, 4 Del. Ch. 269.

". . . . . . .

"The three cases mentioned show what the Advisory Committee had in mind when Rule 27 was drafted. *They emphasize the fact that the committee intended the rule to apply to situations where, for one reason or another, testimony might be lost to a prospective litigant* unless take[n] immediately, without waiting until after a suit or other legal proceeding is commenced. Such testimony would thereby be perpetuated or

kept in existence and, if necessary, would be available for use at some subsequent time.

"At the meeting of the American Bar Association Institute of Federal Rules held in Cleveland, Ohio, in 1938, the precise problem was presented to Professor Edson R. Sunderland, Professor of Law at the University of Michigan, and a member of the Advisory Committee. When a question was put to him, he answered as follows: 'Under the literal wording of the rule, the suggestion that you make—that the rule be used for discovery purposes—might be possible. The rule provides that the petition shall show, first, that the petitioner expects to be a party to an action cognizable in the court of the United States, but is presently unable to bring it, or cause it to be brought, and he might urge that he is presently unable to bring the action because he doesn't know enough facts to draw his complaint. *While that is a possible construction of the language, it was not the intention of the Committee to allow any such use of the rule.'* . . .

". . . *The federal rule is intended primarily for perpetuation of testimony to be used as evidence, not primarily for discovery.* . . .

"*From the foregoing it seems clear that Rule 27 was not intended to be used as a discovery statute; that its purpose was not to enable a prospective litigant to discover facts upon which to frame a complaint.* Rule 26, and not Rule 27, provides the method for discovering facts and that rule may be availed of only after action has been commenced. . . ." (Italics ours.)

Judge Kennedy, of the Eastern District of New York supports the same view in the proceeding entitled "In the Matter of the Petition of Johnson Glove Co., Inc.", 9 Fed. Rules Serv. 566, 7 F.R.D. 156.

Moore, in his work on Federal Practice Vol. 4, 2d ed., states at page 1825 that:

"*Where there is no danger of loss of the testimony, however, a person cannot take advantage of Rule 27 merely for the purpose of obtaining facts on which to base a complaint.*" (Italics ours.)

See also XXXVIII Columbia L. Rev. 1179, where it is stated at page 1193 that the New York Court of Appeals has ruled, without opinion, that the statute does not permit the examination of a proposed party simply to obtain facts upon which to frame a complaint.

We entirely agree with the afore-stated criterion. The case before us is not one where the petitioner has knowledge of the facts which he wishes to perpetuate and fears losing. If that were so, he could invoke Rule 27. Rather, we have a case where petitioner wishes to discover evidence in order to frame a complaint. The situation described in the petition in the case at bar—where it is stated that it is the case of a tax claim on the amount of $4,593.77 already levied and due—calls for the filing of a skeleton complaint and after the court has acquired jurisdiction over defendant, to move for the taking of depositions pursuant to the provisions of Rule 26. Several of the afore-cited cases so advise.

The decision appealed from will be reversed and the petition denied.

Mr. Chief Justice Snyder did not participate herein.