**Application of Lester CARSON for the Perpetuation of the Testimony of Simeon A. Hart.**

**Misc. No. 129.**

United States District Court
E. D. Illinois.

Oct. 28, 1957.

Cornelius T. Ducey, Belleville, Ill., for petitioner.

JUERGENS, District Judge

The petitioner filed his petition requesting that the court issue an order authorizing the petitioner to take the deposition of one Simeon A. Hart for the purpose of perpetuating his testimony.

The petition alleges that the petitioner is a resident of the State of Illinois and that he was injured while in the employ of the Missouri-Illinois Railway Company, a corporation, a citizen of the State of Missouri; that Simeon A. Hart is the closest available witness to the occurrence out of which the petitioner's injury arose; that Simeon A. Hart is sixty-nine years of age and because of his health has been required to retire from railroad service and his health is such that petitioner fears he may die or pass away at any time; that the witness' testimony is very vital and important to the petition-

er's cause of action against the railroad in that he will be able to testify specifically as to the condition of the coupling mechanism which the petitioner was attempting to operate at the time of his injury; that both the petitioner and the railroad have secured statements from Simeon A. Hart with regard to such facts.

The taking of depositions before an action for the purpose of perpetuating testimony of witness is provided for by Fed.Rules Civ.Proc. Rule 27, Title 28 U.S. C., which provides:

"27(a) (1)  A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of the United States may file a verified petition in the United States district court in the district of the residence of any expected adverse party.  The petition shall be entitled in the name of the petitioner and shall show: 1, that the petitioner expects to be a party to an action cognizable in a court of the United States but is presently unable to bring it or cause it to be brought, 2, the subject matter of the expected action and his interest therein, 3, the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, 4, the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and 5, the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony."

■  Under this Rule one of the requirements for the taking of depositions for the perpetuating of testimony is "that the petitioner expects to be a party to an action cognizable in a court of the United States *but is presently unable to bring or cause it to be brought.*"  (Emphasis added.)  In 4 Moore's Federal Practice, 2nd Edition, 1821, it is said:

"The right to perpetuate testimony does not depend on the condition of the witness but upon the situation of the party and his power to bring his suit to an immediate investigation."

■  The petitioner alleges the serious condition of the witness whose testimony he seeks to perpetuate but he does not show any reason why this suit cannot be brought at this time.  It is, therefore, the opinion of this court that the petition for perpetuation of testimony should be denied.