**In the Matter of Isaac SIMS, Jr., Appellant.**

**In the Matter of Richard ABRAMS, Appellant.**

**Nos. 24271, 24272.**

United States Court of Appeals
Fifth Circuit.

Aug. 10, 1967.

Rehearings En Banc Denied
Sept. 28, 1967.

Conrad K. Harper, James M. Nabrit, III, New York City, for appellants.

Dewey Hayes, Douglas, Arthur K. Bolton, Atty. Gen., Carter A. Setliff, G. Ernest Tidwell, Joel M. Feldman, Asst. Attys. Gen., Atlanta, Ga., for appellee.

Before TUTTLE, THORNBERRY, and GODBOLD, Circuit Judges.

GODBOLD, Circuit Judge:

These are appeals from orders of the United States District Court for the Southern District of Georgia denying appellants' motions, filed under F.R.Civ. Proc. 27, to perpetuate testimony.

Appellants were imprisoned in Georgia penal institutions. They expected, if necessary for what they conceive to be preservation of their rights, to commence federal habeas corpus actions against state officials on the ground their convictions and sentences to death on charges of raping white women had resulted from state policy and practice of racial discrimination in violation of the 14th Amendment to the United States Constitution. They could not bring habeas corpus actions at the time because they had not exhausted state remedies (28 U.S.C.A. § 2254).[1]

Appellant sought authority to depose three residents of California, alleged to have participated in field research in Georgia,[2] handling data taken from trial

1. Sims' conviction was then in the Supreme Court of the United States for review on writ of certiorari. Abrams' conviction is stated to be on appeal to the Georgia Supreme Court. Sims' case has subsequently been reversed and remanded for a determination of voluntariness of his confession. Sims v. Georgia, 221 Ga. 190, 144 S.E.2d 103 (1965), cert. granted, 384 U.S. 998, 86 S.Ct. 1953, 16 L.Ed.2d 1013 (June 20, 1966), rev'd, 385 U.S. 538, 87 S.Ct. 639, 17 L.Ed.2d 593 (Jan. 23, 1967), on remand, 223 Ga. 126, 153 S.E.2d 567 (Feb. 23, 1967).

2. The research is stated to have been conducted by Professors Marvin Wolfgang and Anthony Amsterdam of the University of Pennsylvania.

transcripts and other sources regarding rape prosecutions in various parts of Georgia over an extended period. The survey was designed to determine what factors account for imposition of the death penalty in some cases of rape, or related offenses, and not in others, by exhaustively examining the facts of a large sample of cases.[3] The testimony was sought as a predicate to introduction in evidence of the survey and as expert testimony concerning statistical computations based on data in the survey. Each deponent was to be examined on how he was selected as a researcher, his qualifications as such, the nature of his training and the manner, accuracy and objectivity of the actual conduct of the research. Appellants' reason for perpetuating the testimony of witness Farnsworth, stated to be a "field captain" of the survey, was his imminent departure for Peru with a possible loss of his testimony before appellants' habeas corpus actions could be brought. Perpetuation at the same time and place of testimony of witnesses Olson and Davis was sought on the basis they too were residents of California and money and effort would be saved by handling all of the depositions together.

The petitions met the five substantive requirements of Rule 27(a) (1), except that the names and addresses of the expected adverse parties apparently were not complete.

The court denied the petitions holding: "After due consideration, the Court finds that there has been no sufficient showing of necessity that Farnsworth, the California resident about to depart for Peru, be deposed or either justice fail or be delayed, inasmuch as it is not shown that his testimony, based on his position as a field researcher, would be other than cumulative to the testimony of the other two California residents whom it is not shown will not be available for deposing in the event an action is brought later in this Court."

The fundamental premise of the District Court, that Farnsworth's testimony was not shown to be other than cumulative to that of Olson and Davis who were not shown to be unavailable if an action ever was filed, is plainly erroneous. The petition indicates that Farnsworth's testimony would not be merely cumulative[4]

The appellants did not comply with the 20-day notice provision of Rule 27(a) (2), stating their attorney had been notified of Farnsworth's imminent departure too late to comply. In fact the period of time from the filing of the petitions, the hearing thereon, and the date on which the depositions were proposed to be taken all was less than 20 days.[5]

---

3. The results of a similar study are now before the Eighth Circuit. William L. Maxwell, a Negro under death sentence for rape of a white woman, unsuccessfully contested the validity of imposition of the death penalty upon him on the ground the penalty was discriminatorily applied in rape cases. Maxwell v. Stephens, 229 F.Supp. 205 (E.D.Ark., 1964), aff'd., 348 F.2d 325 (8th Cir.), cert. denied, 382 U.S. 944, 86 S.Ct. 387, 15 L.Ed.2d 353 (1965). A second habeas corpus petition was filed alleging the same ground (among others); the results of a survey conducted by Prof. Marvin Wolfgang in Arkansas were introduced as evidence. Relief was denied by the District Court, Maxwell v. Bishop, 257 F.Supp. 710 (E.D.Ark., 1966) and both the District Court and the Court of Appeals for the Eighth Circuit denied Maxwell the certificate of probable cause essential to an appeal from a denial of a petition for a writ of habeas corpus. The Supreme Court, in a per curiam opinion, reversed and remanded the case to the Eighth Circuit with directions to issue the certificate. 385 U.S. 650, 87 S.Ct. 768, 17 L.Ed.2d 671 (1967).

4. We need not decide whether the fact the testimony is cumulative would alone be sufficient ground for denial, nor whether an applicant for an order must show that witnesses would be unavailable to depose after the expected action is filed.

5. It is not necessary for us to decide in this case whether the 20-day time limit of Rule 27(a) (2) may be shortened (Compare: Moore, Federal Practice, § 2714; Barron and Holtzoff, Federal Practice and Procedure, § 673), for that time long since has elapsed. Nor need we decide whether service requirements of Rule 27(a) (2) were complied with.

■ Upon giving the names and addresses of expected adverse parties, and compliance with notice and service provisions of Rule 27, appellants are entitled to an order allowing perpetuation.

■ After the court denied the orders sought appellants perpetuated the testimony of the three witnesses, without further notice of their intent to do so, at the time and place originally named, and filed copies with the District Court pending disposition of this appeal. It has been made known to this court on oral argument that the testimony thus taken is brief, and counsel for appellees has been furnished copies thereof. While no party is bound to do so, in the interest of avoiding further expenditures of time, effort and expense by parties, attorneys, and courts to preserve evidence which may be material and competent in further actions which may be filed, it is suggested that the parties explore fully all reasonable possibilities of the testimony taken to date being utilized insofar as consistent with the rights of all and not genuinely prejudicial to the rights of any.

Nothing said in this opinion is to be taken as indicating the materiality, competency, admissibility or weight in any proceeding (state or federal) that may be filed, of the evidence sought to be perpetuated. All that is before us are questions of how to make a record of testimony, not what may be done with it.

Remanded for proceedings consistent with this opinion.

THORNBERRY, Circuit Judge (concurring specially):

Being uncertain as to exactly what disposition has been made of this case by the majority, I feel compelled to state briefly my own views in this matter.

The precise issue before the Court is whether on the facts of this case the district court abused its discretion in failing to grant appellants' Rule 27 motions.[1] As I read the majority opinion, however, this issue is never reached. The majority does intimate that *if* the notice and service requirements of subsection (a) (2) of Rule 27 had been complied with, denial of appellants' motions would have constituted an abuse of discretion. With this position I fully concur, as the substantive prerequisites of subsection (a) (1) were clearly satisfied by appellants' motion.[2] The case presented for our determination, however, is a more difficult one, rendered so by appellants' attempt to avoid the notice and service requirements of subsection (a) (2). Since I do not write here for the Court, I will not attempt to explore the heretofore unanswered questions concerning the degree of strictness with which the requirements of subsections (a) (2) and (a) (3) are to be applied. I do feel, however, that these issues are clearly presented for determination by the facts before us, and that the failure of the Court to meet them has resulted in a disposition likely to cause confusion in future Rule 27 proceedings. I state merely that upon the facts of this case, the district court did not, in my mind,

---

1. See De Wagenknecht v. Stinnes, 102 U.S.App.D.C. 89, 1957, 250 F.2d 414, 417; Mosseller v. United States, 2nd Cir. 1946, 158 F.2d 380, 382. See also Martin v. Reynolds Metals Corp., 9th Cir. 1961, 297 F.2d 49, 57.

2. See 4 Moore, Federal Practice ¶¶ 27.07–1 to 27.11–5, at 1819–28 (2d ed. 1966). The great majority of the cases dealing with Rule 27 have been concerned with the requirements of subsection (a) (1). Where Rule 27 motions have been denied, the reasons given have generally been

either, (1) that no adequate showing was made that the petitioner could not commence the anticipated action at the present time, Application of Carson, E.D. Ill.1957, 22 F.R.D. 64; Petition of Johanson Glove Co., E.D.N.Y.1945, 7 F.R.D. 156, or (2) that the purpose of the petition was actually to obtain discovery rather than perpetuate testimony. Petition of Exstein, S.D.N.Y.1942, 3 F.R.D. 242; Petition of Ferkauf, S.D. N.Y.1943, 3 F.R.D. 89. Appellants' motions suffer under neither of these infirmities.

abuse its discretion in denying appellants' motions.

Even though I would affirm the district court's action, I join the majority in strongly urging the parties to reach an agreement which will make possible, through future court action, the perpetuation of the depositions already taken in behalf of appellants.

## ON PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, Rule 25a, subpar. (b), the Petition for Rehearing En Banc is denied.