485 So.2d 276 (1986)
Connie Ray EVANS
v.
STATE of Mississippi.
No. 53754.
Supreme Court of Mississippi.
February 19, 1986.
*277 Shirley E. Payne, Horn & Payne, Jackson, for appellant.
Edwin Lloyd Pittman, Atty. Gen. by Amy D. Whitten, Sp. Asst. Atty. Gen., Jackson, for appellee.
En Banc.
ON APPLICATION FOR LEAVE TO FILE MOTION TO VACATE, OR SET ASIDE, JUDGMENT AND SENTENCE
ROY NOBLE LEE, Presiding Justice, for the Court:
Petitioner Connie Ray Evans was indicted for the capital murder of Arun Pahwa on April 8, 1981, during an armed robbery of a convenience store in Jackson, Mississippi. He entered a guilty plea to the capital murder on October 12, 1981, and was tried on the issue of sentence and punishment. On October 13, 1981, a jury sentenced petitioner to death and a mandatory appeal to the Supreme Court of Mississippi followed.
In a written opinion dated November 3, 1982, Evans v. State, 422 So.2d 737 (Miss. 1982), the Supreme Court of Mississippi affirmed the sentence and petition for rehearing was denied December 15, 1982.
The United States Supreme Court denied certiorari on May 16, 1983, and denied a rehearing. Evans v. Mississippi, 461 U.S. 939, 103 S.Ct. 2111, 77 L.Ed.2d 314 (1983).
On July 1, 1983, petitioner filed an Application for Leave to File a Petition for Writ of Error Coram Nobis pursuant to Mississippi Code Annotated § 99-35-145 (repealed April 17, 1984, Ch. 378, Miss. Laws 1984) with the Mississippi Supreme Court. On November 30, 1983, we rendered a written opinion denying the application and holding that the claims raised on direct appeal were res adjudicata and that others were procedurally barred. Evans v. State, 441 So.2d 520 (Miss. 1983). Rehearing was denied on January 25, 1984. Petitioner sought a stay of execution pending review by the United States Supreme Court from the denial of coram nobis relief. The application was denied by the United States Supreme Court on June 25, 1984. Evans v. Mississippi, 467 U.S. 1264, 104 S.Ct. 3558, 82 L.Ed.2d 860 (1984).
On February 4, 1984, petitioner filed a petition for writ of habeas corpus in the *278 United States District Court, Southern District of Mississippi [Evans v. Morris Thigpen, Commissioner, et al., Civil Action No. J84-0090(L)]. The petition is presently pending in said court.
The present application before us was filed in this Court on July 12, 1985, and presents two claims, viz, ineffective assistance of trial counsel and prejudicial jury selection prohibited by Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) and cases following Swain. Those claims were not raised in any proceeding prior to the present application. The respondent (State) contends that the petitioner has not adequately explained his failure to present such issues in a timely and diligent manner and that for procedural failure and substantive causes, the application should be dismissed.
Claims
A.
PETITIONER'S PLEA OF GUILTY SHOULD BE VACATED BECAUSE IT WAS NOT KNOWINGLY AND INTELLIGENTLY MADE SINCE IT WAS THE PRODUCT OF INEFFECTIVE ASSISTANCE OF COUNSEL UPON WHICH PETITIONER RELIED TO HIS MATERIAL DETRIMENT.
1. Petitioner was represented by trial counsel who had been in practice for only four (4) years at the time of petitioner's trial and had little real experience in capital cases. He served as lead counsel in petitioner's case.
2. Trial counsel filed a motion for appointment of a defense psychiatrist but failed to follow up. On the morning of the guilty plea, counsel relied on representations that there were no problems uncovered.
3. Counsel recommended to petitioner that he plead guilty on the basis of counsel's understanding of Coleman v. State, 378 So.2d 640 (Miss. 1979). It was counsel's understanding that the State's case would be limited at the penalty phase only to evidence relevant to the eight (8) enumerated statutory aggravating circumstances and that, on a guilty plea, he could exclude all evidence of the crime and of premeditation from the penalty hearing. Petitioner pled guilty in reliance upon counsel's legal advice.
4. Counsel's legal advice was below "the range of competence demanded of attorneys in criminal cases." Counsel based his conclusion on a literal reading of Coleman, id., 378 So.2d at 648, without regard either to the different procedural postures of that case or the clear language of Mississippi Code Annotated § 99-19-101(1), and that he was incompetent in assuming he could keep out information about the crime itself clearly relevant to sentence, such as evidence on the issue of premeditation under statute that allows "any matter that the court deems relevant to sentence."
5. The advice given by counsel to petitioner, upon which petitioner relied in pleading guilty, was particularly in error in that counsel told petitioner evidence on the issue of premeditation could be excluded. Counsel's advice, upon which petitioner relied in pleading guilty, that such evidence could be excluded, was beneath the range of competence demanded of attorneys in criminal cases.
6. Counsel failed to ascertain whether petitioner understood the basis of the plea; failed to obtain the psychological report to ascertain petitioner's mental state or ability to intelligently waive his right to trial and failed to ascertain independently whether petitioner understood counsel's advice.
7. Petitioner's guilty plea was not a knowing and intelligent waiver of his right to trial by jury, and was a result of ineffective assistance of counsel. Petitioner would not have entered a plea of guilty except for counsel's erroneous advice and petitioner relied upon counsel's advice in deciding to plead guilty resulting in the loss of his rights to trial by jury and effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments.

*279 B.
PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL AT THE SENTENCING PHASE AND ON APPEAL IN VIOLATION OF THE SIXTH AMENDMENT.
1. Counsel failed to adequately prepare and present a reasonable and credible case in mitigation; he did not obtain the psychological report from the State psychiatrist prior to trial; he did not develop relevant mitigating evidence about petitioner's character and history; was not diligent in meeting with witnesses and decided not to use any of them; failed to call petitioner's pastor, but called the witness Reverend Owen whose testimony was excluded because he had no first-hand testimony about petitioner.
2. During the cross-examination of petitioner at the sentencing trial, the State displayed slides of the victim for the jury to see by means of projected color slides which were left exhibited before the jury for approximately fifteen (15) minutes. The purpose and effect of the display was to inflame and prejudice the jury against petitioner. Counsel failed to object to the slides.
3. Counsel failed to raise issues hereinbefore mentioned and reiterated in Paragraph B(19) of the motion to vacate.
4. Counsel was ineffective and operated to the prejudice of petitioner. Counsel failed to develop and present that petitioner is a man of low intelligence with psychological problems; that he was suffering from depression at the time of the murder; that he had no prior history of violence; that he presented a good prospect for rehabilitation and little evidence of future dangerousness, and, but for counsel's ineffectiveness, the result of the proceeding would have been different.
C.
THE PROSECUTION INTENTIONALLY USED ITS PEREMPTORY CHALLENGES TO STRIKE BLACKS FROM PETITIONER'S SENTENCING JURY DEPRIVING HIM OF HIS RIGHTS UNDER THE EQUAL PROTECTION CLAUSE AND OF HIS RIGHT TO A FAIR AND IMPARTIAL JURY AS GUARANTEED BY THE SIXTH AMENDMENT.
1. The respondent used its peremptory challenges to strike black prospective jurors, which resulted in a jury consisting of eight (8) white persons and four (4) black persons. Prosecutor Peters engaged in purposeful and systematic attempts to remove blacks from juries; and District Attorney Peters has confirmed that his philosophy is to strike black persons off juries in both capital and non-capital cases.
2. Because of District Attorney Peters' admissions with reference to striking black persons, the Federal District Court has ordered that an evidentiary hearing be held to determine whether he has engaged in a systematic and intentional practice of excluding black persons from juries in criminal trials by utilizing peremptory challenges.[1]
3.  4. These subsections further argue the proposition that the prosecutor's use of peremptory challenges to exclude blacks violated petitioner's Sixth, Eighth and Fourteenth Amendments rights to a jury consisting of a fair cross-section of the population, equal protection, and freedom from the arbitrary and capricious infliction of the death sentence.

Dicussion

A.-B.
Petitioner seeks to vacate or set aside his judgment of conviction and sentence of death under the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi *280 Code Annotated §§ 99-39-1, et seq. (Supp. 1985). Recognizing that there must be finality and an end at some reasonable time to litigation in criminal cases, the legislature adopted the act
to revise, streamline and clarify the rules and statutes pertaining to post-conviction collateral relief law and procedures, to resolve any conflicts therein and to provide the courts of this state with an exclusive and uniform procedure for the collateral review of convictions and sentences.
Miss. Code Ann. § 99-39-3(1) (Supp. 1985).
The act further provides:
(2) Direct appeals shall be the principal means of reviewing all criminal convictions and sentences, and the purpose of this chapter is to provide prisoners with a procedure, limited in nature, to review those objections, defenses, claims, questions, issues or errors which in practical reality could not be or should not have been raised at trial or on direct appeal.
Miss. Code Ann. § 99-39-3(2) (Supp. 1985).
Section 99-39-21, important to the pending application, follows:
(1) Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be procedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
(2) The litigation of a factual issue at trial and on direct appeal of a specific state or federal legal theory or theories shall constitute a waiver of all other state or federal legal theories which could have been raised under such factual issue; and any relief sought under this chapter upon said facts but upon different state or federal legal theories shall be procedurally barred absent a showing of cause and actual prejudice.
(3) The doctrine of res judicata shall apply to all issues, both factual and legal, decided at trial and on direct appeal.
(4) The term "cause" as used in this section shall be defined and limited to those cases where the legal foundation upon which the claim for relief is based could not have been discovered with reasonable diligence at the time of trial or direct appeal.
(5) The term "actual prejudice" as used in this section shall be defined and limited to those errors which would have actually adversely affected the ultimate outcome of the conviction or sentence.
(6) The burden is upon the prisoner to allege in his motion such facts as are necessary to demonstrate that his claims are not procedurally barred under this section.
Subsections (4), (5) and (6) are particularly significant to the issues before the Court. Realistically, the act is a codification of the law existing in Mississippi for many years.
Claims A and B, supra, relate to the assertion by petitioner that he was denied effective assistance of counsel during his trial. In Read v. State, 430 So.2d 832 (Miss. 1983), this Court, in noting that claims of insufficient representation of counsel may be waived, said:
The right to the effective assistance of counsel, like any other constitutional right, may be waived. Matthews v. State, 394 So.2d 304, 309 (Miss. 1981). But before there can be a waiver, the defendant must be given a meaningful and realistic opportunity to assert the right. If he is given that opportunity and he intelligently and voluntarily declines to assert the right, it is then waived.
430 So.2d at 838.
Petitioner had the opportunity to raise the question of ineffective assistance of counsel in his application for leave to file a petition for writ of error coram nobis on July 1, 1983. Although petitioner was represented by counsel different from trial counsel, the claim of ineffective assistance *281 was not raised. We now look to see whether or not petitioner has satisfied the requirements of "cause" and "prejudice" in § 99-39-21(4) and (5), and whether petitioner is deemed to have waived address of the issue of ineffective assistance, since he has failed to raise the question when the opportunity presented itself.
Petitioner contends that his guilty plea was involuntarily entered due to improper advice from his trial attorney and that such attorney (1) failed to follow up on a second mental examination, (2) based his advice to plead guilty on an incorrect understanding of appliable law, and (3) failed to determine whether petitioner understood his rights prior to entry of the guilty plea. Again, it is significant that petitioner makes no attempt at blame for the failure to raise these claims during a period of four years since petitioner was sentenced to death.
We are of the opinion that the "cause" provision in Subsection (4) has not been met. However, assuming arguendo, that the effective assistance claims were properly preserved, we consider whether the claims have merit when viewed in the light of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The case provides a two-pronged test as to whether or not counsel's performance satisfies constitutional requirements.
A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable. (Emphasis added)
466 U.S. at ___, 104 S.Ct. at 2064, 80 L.Ed.2d at 693. See also Nealy v. Cabana, 764 F.2d 1173 (5th Cir.1985); Mitchell v. Kemp, 762 F.2d 886, 888 (11th Cir.1985); Griffin v. Wainwright, 760 F.2d 1505, 1510 (11th Cir.1985); Messer v. Kemp, 760 F.2d 1080, 1088 (11th Cir.1985); United States v. DiMatteo, 759 F.2d 831, 833 (11th Cir.1985); Beans v. Black, 757 F.2d 933 (8th Cir.1985); Burger v. Kemp, 753 F.2d 930, 933 (11th Cir.1985); Turner v. Bass, 753 F.2d 342, 348-9 (4th Cir.1985); Briley v. Bass, 750 F.2d 1238 (4th Cir.1984); King v. Strickland, 748 F.2d 1462, 1463 (11th Cir.1984); Green v. Zant, 738 F.2d 1529, 1535-37 (11th Cir.1984); Solomon v. Kemp, 735 F.2d 395, 402 (11th Cir.1984).
We consider the strength of the evidence supporting this verdict. Ricalday v. Procunier, 736 F.2d 203 (5th Cir.1984); Messer v. Kemp, supra. Also, we are mindful that a verdict of guilty supported by confessions and direct evidence comes out more strongly against a claim of ineffectiveness of counsel. In Strickland v. Washington, supra, the Court said:
Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable. Cf. Engle v. Isaac, 456 U.S. 107, 133-134, 71 L.Ed.2d 783, 102 S.Ct. 1558, 1574-75 (1982). A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
*282 466 U.S. at ___, 104 S.Ct. at 2065-66, 80 L.Ed.2d at 694-95.
In discussing errors claimed to have occurred during the sentencing phase, the Eleventh Circuit wrote in Mitchell v. Kemp, supra, the following:
In any event, errors by counsel at a capital sentencing hearing require reversal of the sentence only if "there is a reasonable probability that, absent the errors, the sentencer  including an appellate court, to the extent it independently reweighs the evidence  would have concluded that the balance of aggravating and mitigating circumstances did not warrant death." 466 U.S. at ___, 104 S.Ct. at 2069, 80 L.Ed.2d at 698.
762 F.2d at 889.
We have carefully considered the claims of ineffective assistance of counsel and their component parts, as set forth in Claims A and B, singly and collectively, and we are of the opinion that the first prong of the Strickland test, i.e., showing of an identifiable lapse in representation, has not been met in this application.
Further, trial counsel's interpretation of existing law when the guilty plea was entered was not contrary to law and precedent at the time. Also, the record indicates that the plea of guilty was voluntary at the time of its entry. The claim that trial counsel failed to adequately investigate and present evidence in mitigation of the crime has no real support that other evidence would have been available, and petitioner fails to make a prima facie case in that regard. We are of the opinion that petitioner failed to meet the second prong of the Strickland v. Washington test in showing an adverse impact on the fairness of his trial as a result of the alleged deficient performance of trial counsel.

C.
The Mississippi Supreme Court has repeatedly followed Swain v. Alabama, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), and most recently in Johnson v. State, 476 So.2d 1195 (Miss. 1985).[2] In his presentation of this claim, petitioner admits that (1) the jury was composed of eight white persons and four black persons, and (2) the district attorney did not exercise all of the State's peremptory challenges to strike black persons from the jury. This case has been in litigation since petitioner entered a plea of guilty on October 12, 1981, on which date the sentencing jury was empaneled and the issue of sentence was tried and the death penalty imposed by the jury. More than four (4) years have elapsed, and at least three different sets of counsel have worked on the case. Throughout all this litigation, including an application for leave to file a petition for writ of error coram nobis on July 1, 1983, the application attempts to raise the question for the first time.
We are of the opinion that under the Post-Conviction Relief Act and case law of this state, the claim is barred.
APPLICATION TO VACATE JUDGMENT AND SENTENCE DENIED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
ON PETITION FOR WRIT OF CERTIORARI TO THE CHANCERY COURT OF THE FIRST JUDICIAL DISTRICT OF HINDS COUNTY, MISSISSIPPI
ROY NOBLE LEE, Presiding Justice, for the Court:
Petitioner Connie Ray Evans has filed a petition for certiorari, seeking to bring to *283 this Court the record of proceedings filed by him in the Chancery Court of the First Judicial District of Hinds County, entitled "Motion for Deposition before Action or Pending Appeal." On July 6, 1984, the lower court denied the motion, being of the opinion that it was without jurisdiction under Chapter 378, Mississippi Laws 1984, and Rule 81, Mississippi Rules of Civil Procedure, to entertain such an action, and further, that the petitioner failed to make an adequate showing that he could not commence the anticipated post-conviction collateral proceeding at the present time nor had he shown that the purpose of the petition was actually to perpetuate testimony rather than to merely obtain discovery.
In addition, the petitioner filed a motion to consolidate this Misc. No. 1931 with No. 53,754, the Application for Leave to File Motion to Vacate, or Set Aside, Judgment and Sentence. We do not consolidate the two causes, but now proceed to a consideration of the petition for writ of certiorari.
The post-conviction relief act provides that all post-conviction petitions are to be filed in the court which last exercised jurisdiction in the case. Mississippi Code Annotated § 99-39-7 (Supp. 1985), and § 99-35-145 (Supp. 1984) and Uniform Circuit Court Criminal Rule 8.07. Therefore, jurisdiction is vested in the Mississippi Supreme Court rather than a lower court. Cannady v. State, 455 So.2d 713 (Miss. 1984); Johnson v. State, 394 So.2d 319 (Miss. 1981). This Court has not granted petitioner's request to proceed in the lower circuit court, and, on the other hand, has denied the Application for Leave to File Motion to Vacate, or Set Aside, Judgment and Sentence, in the opinion preceding this discussion.
Petitioner, in the chancery court proceeding, relied upon Rule 27, Miss.Rules Civ. Proc., which provides in part, the following:
(a) Before Action.

(1) Petition. A person who desires to perpetuate his own testimony or that of another person regarding any matter that may be cognizable in any court of this state may file a verified petition in the circuit or chancery court in the county of the residence of any expected adverse party. The petition shall be entitled in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of this state but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action and his interest therein, (3) the facts which he desires to establish by the proposed testimony and his reasons for desiring to perpetuate it, (4) the names or a description of the persons he expects will be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony which he expects to elicit from each, and shall ask for an order authorizing the petitioner to take the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.
See Miss. Code Ann. § 13-1-227 (1972).
In Arizona v. California, 292 U.S. 341, 54 S.Ct. 735, 78 L.Ed. 1298 (1934), discussing application of the rule, the United States Supreme Court said:
The sole purpose of such a suit is to perpetuate the testimony. To sustain a bill of this character, it must appear that the facts which the plaintiff expects to prove by the testimony of the witnesses sought to be examined will be material in the determination of the matter in controversy; that the testimony will be competent evidence; that depositions of the witnesses cannot be taken and perpetuated in the ordinary methods prescribed by law, because the then condition of the suit (if one is pending) renders it impossible, or (if no suit is then pending) because the plaintiff is not in a position to start one in which the issue may be determined; and that taking of the testimony on bill in equity is made necessary by the danger that it may be lost by delay.
292 U.S. at 347-349, 54 S.Ct. at 737-38, 78 L.Ed.2d 1300-1301.
*284 Reasons for denying motions under Rule 27 include (1) that no adequate showing was made that the petitioner could not commence the anticipated action at the present time; [In Re Sims, 389 F.2d 148 (5th Cir.1967); Application of Carson, 22 F.R.D. 64 (E.D.Ill. 1957); Petition of Johanson Glove Co., 7 F.R.D. 156 (E.D.N.Y. 1945)]; and (2) that the purpose of the petition was to obtain discovery rather than to perpetuate testimony [In Re Sims, supra; Petition of Exstein, 3 F.R.D. 242 (S.D.N.Y. 1942); Petition of Ferkauf, 3 F.R.D. 89 (S.D.N.Y. 1943)]. Both of those reasons were obvious in the motion filed in the Chancery Court of Hinds County. Petitioner filed his application for post-conviction relief contemporaneously with his petition for writ of certiorari.
We are of the opinion that the petition for writ of certiorari should be, and it is, denied, and the petition for writ of certiorari is dismissed.
PETITION FOR WRIT OF CERTIORARI DENIED AND DISMISSED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Edwards v. Thigpen, Civil Action No. J83-0566(B), U.S. District Court, Southern District of Mississippi.
[2] In Batson v. Kentucky, ___ U.S. ___, 105 S.Ct. 2111, 85 L.Ed.2d 476 (1985), the U.S. Supreme Court granted certiorari to re-examine Swain v. Alabama, supra. See also McCrary v. New York, 461 U.S. 961, 103 S.Ct. 2438, 77 L.Ed.2d 1322 (1983); McCray v. Abrams, 750 F.2d 1113 (2d Cir.1984); People v. Wheeler, 22 Cal.3d 258, 148 Cal. Rptr. 890, 583 P.2d 748 (1978); Commonwealth v. Soares, 377 Mass. 461, 387 N.E.2d 499 (1979); State v. Neil, 457 So.2d 481 (Fla. 1984); People v. Mack, 105 Ill.2d 103, 85 Ill.Dec. 281, 473 N.E.2d 880 (1984); State v. Crespin, 94 N.M. 486, 612 P.2d 716 (N.M.Ct.App. 1984).