*In re:* EL PUEBLO DE PUERTO RICO, representado por SOL L. DESCARTES, TESORERO INSULAR, peticionario y apelado, *v.* UNITED THEATRES, INC., RAFAEL RAMOS COBIÁN, EDUARDO G. GONZÁLEZ, JULIO R. BRUNO y AMÉRICO MIRANDA, opositores y apelantes.

Número 10942.

*Sometido:* 3 de marzo de 1954. *Resuelto:* 29 de abril de 1954.

*Lino J. Saldaña, Luis F. Sánchez Vilella, C. Morales, Jr.,* y
*Sarah Torres Peralta,* abogados de los apelantes; *Hon.
Secretario de Justicia, José Trías Monge (J. B. Fernández
Badillo, Secretario de Justicia Interino,* en el alegato) y
*R. Olivo Nieves y Arnaldo P. Cabrera, Procuradores Auxiliares,* abogados del apelado.

·EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

El Pueblo de Puerto Rico, representado por su Tesorero,
radicó ante el antiguo Tribunal de Contribuciones de Puerto
Rico en 29 de agosto de 1949 una petición cuyas alegaciones
esenciales son las siguientes: (1) espera ser parte en una
acción de la cual habrá de conocer dicho tribunal, pero·al presente está imposibilitado de iniciar la misma y para ello necesita perpetuar el testimonio que solicita; (2) se trata de una
reclamación de contribuciones en la suma de $4,593.77 ya
impuestas y adeudadas por United Theatres, Inc., corporación organizada bajo nuestras leyes y disuelta en o alrededor
del 7 de abril de 1942; (3) los hechos que desea establecer mediante el testimonio interesado son los siguientes:
(*a*) quiénes eran los accionistas y directores de la corporación a la fecha de su disolución, y número de acciones y valor
de las mismas en esa fecha, pertenecientes a cada accionista
o director; (*b*) directores que se hicieron cargo de la liquidación de la corporación a su disolución y valor total de los bienes de la corporación que pasó a manos de los liquidadores;
(*c*) de haber terminado la liquidación, fecha de ella y cantidad recibida o con qué se benefició cada accionista o director
liquidador; (*d*) deudas pagadas por la corporación en liquidación; (*e*) de no haber terminado la liquidación, bienes de
la corporación en poder de los liquidadores; y que en la actua

lidad y debido al indicado estado de liquidación, al peticionario no le es posible determinar los hechos arriba enumerados, esenciales a la causa de acción; (4) que espera habrán de ser partes adversas United Theatres, Inc., en liquidación, Rafael Ramos Cobián como su presidente, Eduardo G. González, como vicepresidente, Julio R. Bruno como secretario, y Américo Miranda como vocal, no incluyéndose al tesorero, C. Steward Graham por haber fallecido, más otros accionistas que el peticionario desconoce; (5) las personas a ser examinadas sobre los extremos antes expuestos son Rafael Ramos Cobián, Eduardo G. González, Julio R. Bruno y Américo Miranda, especificándose sus direcciones respectivas, todos los cuales son mayores de edad y no están incapacitados. Notificada debidamente esa petición, se personaron en autos tanto la United Theatres, Inc., como las personas cuyas deposiciones se interesaban, dictándose por el extinto Tribunal de Contribuciones en 30 de abril de 1951 una razonada opinión autorizando la toma de las deposiciones solicitadas. Pedida reconsideración en su oportunidad, la misma fué declarada sin lugar por resolución del Tribunal Superior de Puerto Rico, Sala de San Juan,(1) con fecha 24 de febrero de 1953. Los opositores apelaron. Señalan como único error que el tribunal a quo erró "al ordenar en este caso que se tomen deposiciones para perpetuar testimonio bajo la Regla 27 de Enjuiciamiento Civil en vista de que, de acuerdo con las alegaciones del peticionario, el único fin que éste persigue es obtener un descubrimiento de pruebas antes de iniciar su acción sobre hechos que él desconoce y que desea esclarecer para estar en condiciones de radicar una demanda." Asiste a éstos la razón.

██ La número 27 de las Reglas de Enjuiciamiento Civil para las cortes de Puerto Rico dispone textualmente, en su apartado (a) (1) lo siguiente:

_____

(1) Véase la Ley 11 de 24 de julio de 1952 (Ses. Extr., pág. 31).

"(a) *Antes de la Acción.*

"(1) *Petición.*—Una persona que desee perpetuar su propio testimonio o el de otra persona, con referencia a un asunto del cual puede conocer cualquier corte de Puerto Rico, podrá presentar una petición jurada en la corte de distrito del distrito donde resida cualquier persona que pueda ser una parte adversa al peticionario. La petición será intitulada con el nombre del peticionario, y en ella se hará constar: 1, que el peticionario espera ser parte en una acción de la que deberá conocer una corte de Puerto Rico, pero que por el presente está imposibilitado para iniciarla o para hacer que sea iniciada; 2, la cuestión envuelta en la acción que se espera y su interés en la misma; 3, los hechos que desea establecer mediante el testimonio propuesto y las razones que tenga para desear su perpetuación; 4, los nombres o una descripción de las personas que el peticionario espera habrán de ser partes adversas y sus direcciones, si fueren conocidas; y 5, los nombres y direcciones de las personas que han de ser examinadas especificando si alguna de ellas fuere menor o incapaz y la substancia del testimonio que espera obtener de cada una, y suplicará se dicte una orden autorizando al peticionario para tomar las deposiciones de las personas mencionadas en la petición para ser examinadas, con el propósito de perpetuar su testimonio."

Ha habido bastante controversia sobre el alcance e interpretación del apartado antes copiado de la Regla 27. Sin embargo, casi toda la jurisprudencia y comentarios que sobre la misma nos han sido citados, o que hemos podido hallar, son al efecto de que las *"deposiciones antes de iniciarse una acción"* autorizadas por esa Regla sólo proceden para perpetuar testimonio que siendo del conocimiento de la parte que interesa su perpetuación, existe, sin embargo, el peligro de que pueda perderse o desaparecer, así como de que antes de iniciarse una demanda o procedimiento, esa Regla no puede ser utilizada con el único y exclusivo propósito de descubrir prueba para incoar tal demanda o procedimiento. Ello es así no obstante estar autorizadas por las Reglas de Enjuiciamiento Civil las llamadas expediciones de pesca. *Autoridad de Fuentes Fluviales* v. *Corte,* 66 D.P.R. 844; *Hickman* v. *Taylor,* 329 U. S.

495, 507; *Bergstrom* v. *Continental Ins. Co.*, 7 F.R.D. 548. Pero aquí no se trata de una simple expedición de pesca. Se trata de algo más.

Veamos cómo se expresan los tribunales y tratadistas sobre la cuestión que nos ocupa. El Juez Mandelbaum, del Tribunal de Distrito Sur de Nueva York en el asunto de la *Petición de Exstein*, 7 Fed. Rules Serv. 536, nos dice que la Regla 27 autoriza dos métodos alternativos para perpetuar testimonio: "el viejo—mediante acción para perpetuar testimonio a tenor de la sección 644 del Título 28 del Código de los Estados Unidos (Regla 27 C)—y el nuevo método sencillo, bajo la Regla 27(*a*);" que bajo el antiguo método el objetivo de la petición era preservar testimonio conocido del peligro de que se pierda; que ese procedimiento no puede utilizarse con el propósito de obtener información para redactar una demanda y que la Regla 27 no amplió los límites de la antigua práctica. Dijo, además, "Nada encuentro en el contexto de la Regla misma o en los procedimientos habidos ante el Comité Consultivo (Advisory Committee) designado para redactar las nuevas reglas federales, que. indique que esa regla pueda ser usada para fines distintos a los permitidos por la vieja práctica. Por el contrario, encuentro expresiones al efecto de que *la Regla 27 no tiene por miras permitir el descubrimiento de prueba con el propósito de redactar una demanda.*" (Bastardillas nuestras.)

El Juez Caffey, también del Distrito Sur de Nueva York, hace en el recurso intitulado "Petition of Ferkauf" 7 Fed. Rules Serv. 537, 3 F.R.D. 89, el estudio más acabado que hemos hallado de una cuestión similar a la aquí envuelta. De él son las palabras siguientes:

"Aunque la Regla por sus términos expresos no indica que no pueda ser utilizada con el único propósito de redactar una demanda, de una lectura de la misma, conjuntamente con las otras reglas que tratan de la toma de deposiciones—Reglas 26 y 28 a 33—*es aparente que el objetivo de la misma no fué que se utilizara con tal propósito.*

"En las notas a la Regla 27 preparadas por el Comité Consultivo designado por el Tribunal Supremo de los Estados Unidos para coadyuvar en la preparación de las Reglas Federales de Enjuiciamiento Civil . . . se hace constar que 'esta regla ofrece un método sencillo de perpetuar testimonio en aquellos casos que de ordinario la práctica de equidad o los estatutos modernos lo permiten.' El Comité se refiere entonces a tres casos. Éstos son los de *State of Arizona* v. *State of California,* 1934, 292 U. S. 341, 54 S. Ct. 735, 78 L. Ed. 1298; *Todd Engineering Dry Dock & Repair Co.* v. *United States,* 5 Cir., 1929, 32 F.(2d) 734; *Hall* v. *Stout,* 1871, 4 Del. Ch. 269.

". . . . . . . .

"Los tres casos citados revelan qué fué lo que el Comité Consultivo tuvo en mente al redactar la Regla 27. *Enfatizan el hecho de que la intención del Comité fué que la Regla se aplicara a situaciones en que, por una razón u otra, un litigante en perspectiva podía perder ese testimonio* a no ser que el mismo se tomara inmediatamente, sin esperar a que se iniciara un pleito o procedimiento legal. Tal testimonio sería en su consecuencia perpetuado o su existencia conservada y, de ser necesario, estaría disponible para ser utilizado en algún momento futuro.

"En la reunión celebrada por el 'American Bar Association Institute of Federal Rules'. celebrada en Cleveland, Ohio, en el año 1938 el problema específico fué presentado a la consideración del profesor Edson R. Sunderland, catedrático de derecho en la Universidad de Michigan y miembro del Comité Consultivo. Al hacérsele una pregunta él la contestó así: 'A tenor del contexto literal de la Regla, la sugestión que ustedes hacen—de que la regla sea utilizada para fines de descubrimiento—quizás sea posible. La Regla dispone que la petición demostrará, primero, que el peticionario espera ser parte en una acción de la que deberá conocer un tribunal de los Estados Unidos, pero que por el presente está imposibilitado para iniciarla o para hacer que sea iniciada, y podría alegar que al presente no está en condiciones de instarla por no tener conocimiento de hechos suficientes para redactar su demanda. *Si bien ésa es una interpretación posible de su contexto, no fué la intención del Comité permitir semejante uso de la regla.'* . . .

". . . *La intención de la Regla Federal fué que la misma se utilizara primordialmente para la perpetuación de testimonio que habrá de ser utilizado como prueba, y no primordialmente para descubrir éste.* . . .

*"De lo que antecede me parece claro que el propósito de la Regla 27 no fué que se le utilizara como un estatuto de descubrimiento de prueba ni para permitir a un litigante en perspectiva descubrir hechos a virtud de los cuales pueda redactar su demanda.* La Regla 26, y no la Regla 27, es la que preceptúa el método para descubrir hechos y esa regla sólo puede ser utilizada luego de haberse iniciado la acción. . . ."* (Bastardillas nuestras.)

En sentido similar se pronuncia el Juez Kennedy, del distrito oriental de Nueva York, en el recurso intitulado "In the Matter of the Petition of Johanson Glove Co., Inc.", 9 Fed. Rules Serv. 566, 7 F.R.D. 156.

El tratadista Moore en su obra sobre Práctica Federal, Vol. 4, segunda edición, nos dice a la página 1825 que:

"Sin embargo, *cuando no hay peligro de que el testimonio se pierda, una persona no puede valerse de la Regla 27 meramente con el propósito de determinar hechos en que basar una demanda."* (Bastardillas nuestras.)

Véase también XXXVIII Columbia L. Rev. 1179, donde se dice a la página 1193 que la Corte de Apelaciones del estado de Nueva York ha resuelto, sin opinión, que el estatuto no permite el examen de una parte en perspectiva simplemente con el fin de obtener hechos en que fundar una demanda.

Estamos enteramente de acuerdo con el criterio antes enunciado. No estamos aquí ante un caso en que el peticionario tiene conocimiento de los hechos que desea perpetuar y abriga el temor de perderlos. Si así fuera, podría ampararse en la regla 27. Estamos más bien en uno en que el peticionario desea descubrir prueba para entonces redactar su demanda. Lo procedente en una situación como la descrita en la petición—en la que se dice que se trata de una reclamación de contribuciones en la suma de $4,593.77 ya impuestas y adeudadas—es radicar una demanda esquemática (*skeleton complaint*) y luego de haber adquirido el tribunal jurisdicción sobre la parte demandada, solicitar la toma de deposiciones en armonía con lo provisto por la Regla 26.

Así lo aconsejan algunos de los casos ya citados.

*Debe revocarse la resolución apelada y declararse sin lugar la petición.*

El Juez Presidente Sr. Snyder no intervino.