RADIO NOROESTE BROADCASTING, INC., peticionaria y recurrida, *v.* SAMUEL RODRÍGUEZ CINTRÓN, interventor y recurrente.

*Número:* R-82-275          *Resuelto:* 19 de octubre de 1982

*José A. Bravo Abreu,* abogado del recurrente; *Gabriel I. Peñagarícano,* abogado de la recurrida.

PER CURIAM: La recurrida, operadora de la radioemisora WISA, acudió al Tribunal Superior en busca de la citación correspondiente para someter al señor Rodríguez Cintrón a la toma de una deposición oral antes de iniciar pleito alguno. Explicó que "Debido a falta de datos imprescindibles al peticionario le es imposible iniciar el pleito en este momento o lograr su iniciación por otra persona". Añadió que "el peticionario desea establecer las circunstancias de las irregularidades halladas en el manejo de la radioemisora WISA durante la incumbencia del señor Ro-

dríguez Cintrón a los fines de establecer y determinar responsabilidad por las mismas". Tras escuchar a las partes el tribunal autorizó la deposición.

El señor Rodríguez Cintrón recurrió a este foro, donde alega que la deposición autorizada representa un uso indebido de la Regla 24 de Procedimiento Civil. Expedimos orden de mostrar causa por la cual no debe revocarse la resolución recurrida.

■ Nuestra Regla 24 deriva de la 27 federal. Al menos para los fines de este caso no hay diferencias significativas entre ambas. Recién formulada la Regla 27 hubo diferencias sobre su alcance en lo que respecta al descubrimiento de prueba antes de presentarse una demanda. J. Pike & J. Willis, *Federal Discovery in Operation*, 7 U. Chi. L. Rev. 297, 321 (1940). Pronto se estableció la norma en la jurisdicción federal de que la Regla no fue diseñada principalmente para descubrir bases sobre las cuales apoyar un pleito futuro, sino para perpetuar testimonios en situaciones que lo requiriesen. E. Sunderland, *Discovery Before Trial under the New Federal Rules*, 15 Tenn. L. Rev. 737, 744 (1939).

■ Es permisible utilizar la Regla incidentalmente para el descubrimiento de prueba en ciertas situaciones, pero siempre debe darse la condición de que exista peligro de que el testimonio no esté disponible por el tiempo necesario y deba, en consecuencia, perpetuarse. 4 *Moore's Federal Practice*, 2da ed., New York, Matthew Bender, 1948, sec. 27.07[4], pág. 27-28. La Regla no puede utilizarse, sin embargo, para descubrir hechos sobre los que se pueda fundar un pleito o para completar la información con que se cuenta para tal propósito. Moore, *op. cit.*, T. 4, págs.27-29 y 27-30; *Petition of Exstein*, 3 F.R.D. 242 (1942); *Petition of Ferkauf*, 3 F.R.D. 89 (1943); *Petition of Johanson Glove Co.*, 7 F.R.D. 156 (1945); *In re Boland*, 79 F.R.D. 665 (1978); *Ash* v. *Cort*, 512 F.2d 909 (3rd Cir. 1975); *Petition of State of North Carolina*, 68 F.R.D. 410 (1975). Otros comentaristas

concurren con la opinión de Moore y la norma jurispruden-
cial expuesta. Barron & Holtzoff, *Federal Practice and
Procedure*, St. Paul, Minnesota, West Publishing Co., 1961,
T. 2A, sec. 671, págs. 180–182; Wright & Miller, *Federal
Practice and Procedure*, St. Paul, Minnesota, West Publish-
ing Co., 1970, T. 8, sec. 2072, págs. 334, 339.

En *In re Pueblo* v. *United Theatres, Inc.*, 76 D.P.R. 424,
427 (1954), al comentar nuestra antigua Regla 27, corres-
pondiente a la actual 24, dijimos:

> Ha habido bastante controversia sobre el alcance e inter-
> pretación del apartado antes copiado de la Regla 27. Sin
> embargo, casi toda la jurisprudencia y comentarios que sobre
> la misma nos han sido citados, o que hemos podido hallar, son
> al efecto de que las *"deposiciones antes de iniciarse una
> acción"* autorizadas por esa Regla sólo proceden para perpe-
> tuar testimonio que siendo del conocimiento de la parte que
> interesa su perpetuación, existe, sin embargo, el peligro de
> que pueda perderse o desaparecer, así como de que antes de
> iniciarse una demanda o procedimiento, esa Regla no puede
> ser utilizada con el único y exclusivo propósito de descubrir
> prueba para incoar tal demanda o procedimiento. Ello es así
> no obstante estar autorizadas por las Reglas de Enjuicia-
> miento Civil las llamadas expediciones de pesca.

Comentaristas puertorriqueños respaldan las normas ex-
puestas. R. Hernández Colón, *Manual de Derecho Procesal
Civil*, 2da ed., Orford, New Hampshire, Equity Publishing
Corp., 1981, sec. 2806, pág. 226; *Práctica Procesal Puerto-
rriqueña*, San Juan, Publicaciones JTS, 1979, Vol. II, págs.
235, 236.

La prohibición de emplear la Regla 24 para el fin
principal de descubrir hechos útiles para la redacción de la
demanda no representa injusticia alguna para el futuro
demandante, ya que nuestro procedimiento permite el uso
de demandas esquemáticas, seguidas de la posibilidad del
amplio empleo de las reglas concernientes al descubri-
miento de prueba. Moore, *op. cit.*, T. 4, pág. 27-30.

En el caso de autos el récord revela que el interés de la

recurrida radica en el descubrimiento de hechos para la presentación de una demanda. No hay indicación alguna demostrativa de la necesidad de perpetuar el testimonio requerido. En apoyo de su contención, la recurrida cita nuestra sentencia en *Philip Morris, Inc.* v. *Tribunal Superior*, 103 D.P.R. 207 (1975). En *Philip Morris* no discutimos expresamente, por no suscitarse, el asunto aquí planteado. Cualquier inferencia en contrario que pueda hacerse de los hechos de tal caso queda sin efecto por lo expresado en esta opinión.

*Por las consideraciones expresadas se expedirá el auto y se revocará la resolución recurrida.*