ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| HUEY SONS & SKY INTERNATIONAL LTD.<br><br>Apelante<br><br><br>EX-PARTE | KLAN202401155 | *Apelación,* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2024CV03748<br><br><br><br>Sobre: SOLICITUD AL AMPARO DE LA REGLA 24.1 DE PROCEDIMIENTO CIVIL |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Salgado Schwarz y el Juez Monge Gómez.

**Figueroa Cabán, Juez Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de febrero de 2025.

Comparece Huey Sons & Sky International LTD, en adelante Huey Sons o la apelante, quien solicita que revoquemos la *Sentencia* dictada y notificada el 23 de septiembre de 2024, por el Tribunal de Primera Instancia, Sala de San Juan, en adelante TPI. Mediante la misma, se declaró no ha lugar la petición presentada por la apelante al amparo de la Regla 24.1 de Procedimiento Civil.

Por los fundamentos que expondremos a continuación, se confirma la *Sentencia* apelada.

**-I-**

En el contexto de una *Petición Al Amparo de la Regla 24.1 de Procedimiento Civil*, en adelante Petición, Huey Sons solicitó al TPI ordenar a Gilles Rollet, Josep Mestres, Daniel Davis, Anastasiia Lianchenko, Natalia Zequeira Díaz, Mónica Rodríguez Villa, Griselle Morales Rodríguez y a Alejandra Piazza Galarza, "a comparecer preparados para contestar cualquier pregunta relacionada

a las cuentas #007275 y #008045".[1] Alegó que todos estos "tienen conocimiento personal" de información relevante para la presentación de los reclamos contra Blue Ocean Internacional Bank, en adelante Blue Ocean, y contra Bank Driven PSC, en adelante Bank Driven, en conjunto los apelados.

En su opinión, existe "una gran expectativa de que se inste una acción civil" contra los apelados y contra la Oficina del Comisionado de Instituciones Financieras, en adelante OCIF, como también existe "gran indicio de que información pertinente para la tramitación de dicha causa de acción se torne difícil -si no excesivamente onerosa- de obtener". Así pues, arguyó que antes del inicio del pleito resultaba necesario realizar varias deposiciones para perpetuar "tal información de naturaleza esencial" y para evitar "la pérdida irreparable de la prueba testifical".

Por su parte, la OCIF presentó una *Oposición a Petición al Amparo de la Regla 24.1 de Procedimiento Civil*.[2] Adujo que la apelante incumplió con los requisitos que exige la Regla 24.1 de Procedimiento Civil, *supra*, por las siguientes razones, a saber: (1) no demostró qué le impide presentar la demanda en la actualidad, (2) no explicó de qué trataría el pleito futuro ni su interés en el mismo, y (3) obvió detallar las condiciones que acarrearían la posible pérdida irreparable de los testimonios. Además, argumentó que la celebración de las elecciones generales no pone en riesgo los testimonios de los funcionarios de la OCIF, quienes no son extranjeros o personas no residentes. Destacó que los temas que pretende

---

[1] Apéndice de la apelante, págs. 1-85.
[2] *Id*., págs. 86-107.

cubrir Huey Sons son confidenciales y que aquella fundamentó su Petición en razones generales para investigar y descubrir prueba que le permita constatar si tiene una reclamación válida.

Posteriormente, Blue Ocean and Bank Driven presentaron una *Oposición a Petición al Amparo de la Regla 24.1 de Procedimiento Civil*.[3] Coincidieron con los argumentos de la OCIF y añadieron que las reclamaciones de la apelante fueron objeto de un desistimiento voluntario con perjuicio mediante sentencia parcial.

En desacuerdo, Huey Sons presentó una *Réplica a las Mociones en Oposición* en la que sostuvo, entre otros argumentos, que los apelados intentan imponer requisitos no exigidos en la Regla 24.1 de *Procedimiento Civil*, *supra*, en tanto la apelante "estableció claramente que… espera ser parte de un pleito, pero que le es imposible iniciarlo".[4] Además, anticipó que la causa de acción versaría sobre un recargo fraudulento a dos de sus cuentas bancarias y que las deposiciones girarían en torno a los hechos relacionados al manejo de las cuentas bancarias y los sobrecargos.

Luego de varios trámites procesales que resulta innecesario pormenorizar para la resolución de la controversia ante nuestra consideración, el TPI dictó una *Sentencia* en la que declaró no ha lugar la Petición presentada por la apelante. Determinó lo siguiente:

> [L]a la Peticionaria no cumplió con los requisitos establecidos en la Regla 24.1 de Procedimiento Civil, *supra*… En primer lugar, Huey Sons no ha demostrado que, al momento de presentar su Petición, estuviera imposibilitada de iniciar un pleito. La Peticionaria simplemente se limitó a alegar que no podía presentar una demanda (o que no conseguía que un tercero lo hiciera) debido a la falta de cierta información y documentación

---

[3] *Id.*, págs. 108-115.
[4] *Id.*, págs. 116-119.

sobre sus cuentas bancarias en Blue Ocean. En otras palabras, las propias alegaciones de la Peticionaria hacen evidente que el verdadero propósito de su solicitud es descubrir hechos que podrían ser útiles en un litigio futuro, lo cual ha sido prohibido por nuestro Tribunal Supremo. Es decir, nuestro ordenamiento jurídico proscribe el uso de este mecanismo para descubrir hechos sobre los cuales se podría fundamentar un pleito o para completar la información disponible con tal propósito…

…la Peticionaria no estableció de manera clara la cuestión involucrada en el pleito previsto ni su interés específico en el mismo. Huey Sons se limitó a señalar que la acción prevista estaría relacionada con un presunto sobrecargo fraudulento por parte de Gilles Henry Jacques Rollet y Blue Ocean a sus dos cuentas bancarias, así como la alegada espoliación de prueba por parte de Driven y de la OCIF. Esta afirmación, por su generalidad, no satisface el requisito de especificidad exigido por la Regla 24.1.

…la Peticionaria no detalló los hechos específicos que deseaba establecer mediante los testimonios propuestos ni la sustancia de dichos testimonios. Simplemente mencionó, de manera vaga, que procuraba obtener detalles sobre la gestión de las cuentas bancarias en Blue Ocean, indicando de forma general que pretendía "[i]nvestigar y preservar el testimonio de personas naturales con conocimiento personal de las cuentas #007275 y #008045". Estas afirmaciones no cumplen con el nivel de especificidad requerido para justificar la perpetuación de testimonios.

En cuanto a la justificación ofrecida para perpetuar los testimonios, la Peticionaria señaló que algunos de los individuos que deseaba deponer eran extranjeros no residentes, y que las elecciones generales programadas para el 5 de noviembre de 2024 podrían comprometer la disponibilidad de los testimonios de los funcionarios de la OCIF. Sin embargo, estas razones no justifican la toma de una deposición antes del pleito. Ni las elecciones generales ni el hecho de que ciertas personas residan en el extranjero representan un riesgo de pérdida o desaparición de los testimonios aludidos.

Por último, de una lectura de la Petición se desprende que Huey Sons no demostró de manera fehaciente que existe un peligro real de que la dilación en la perpetuación de los testimonios podría resultar en la pérdida irreparable de esta prueba testimonial.[5]

En desacuerdo, Huey Sons presentó una *Moción en Solicitud de Reconsideración*,[6] a la que se opusieron la

---

[5] *Id.*, págs. 127-134.
[6] *Id.*, págs. 135-144.

OCIF[7], Blue Ocean y Bank Driven[8], que el TPI declaró no ha lugar[9].

Aun insatisfecha, Huey Sons presentó un *Recurso de Apelación*, en el cual invoca la comisión de los siguientes errores:

> ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA PETICIÓN DE HUEY SONS AL AMPARO DE LA REGLA 24.1 DE PROCEDIMIENTO CIVIL Y AL DISPONER QUE HUEY SONS NO CUMPLIÓ CON LOS PRIMEROS TRES REQUISITOS DE LA REFERIDA REGLA.

> ERRÓ EL TPI EN NO PERMITIR QUE HUEY SONS COMPLETARA EL EMPLAZAMIENTO MEDIANTE EDICTO DEL SR. ROLLET, LO QUE ANULA LA SENTENCIA POR FALTA DE PARTE INDISPENSABLE.

Luego de revisar los escritos de las partes y los documentos que obran en autos, estamos en posición de resolver.

**-II-**

La Regla 24.1 de Procedimiento Civil permite preservar testimonios antes de la presentación de un pleito, exclusivamente, si existe una expectativa de litigación futura y un riesgo de que el testimonio en cuestión se pueda perder si no se preserva.[10]

Específicamente, la Regla 24.1 dispone:

(a) Petición. Quien desee perpetuar su propio testimonio o el de otra persona con relación a un asunto en el cual pueda entender el tribunal, podrá presentar ante éste una petición jurada al efecto. Se intitulará la petición con el nombre de la persona peticionaria y en ella se hará constar:

(1) que la persona peticionaria espera ser parte en un pleito en el cual puede entender el tribunal, pero que por el presente le es imposible iniciarlo o lograr que lo inicie otra persona;

(2) la cuestión implicada en el pleito en expectativa y su interés en éste;

(3) los hechos que desea establecer mediante el testimonio propuesto y las razones que tenga para interesar su perpetuación;

---

[7] *Id.*, págs. 145-150.
[8] *Id.*, págs. 151-156.
[9] *Id.*, págs. 158-159.
[10] 6 *Moore's Federal Practice,* Sec. 27.02[1] (Matthew Bender 3d ed.), pág. 27-8.

(4) los nombres o una descripción de las personas que la persona peticionaria espera que habrán de ser partes adversas y sus direcciones, si son conocidas, y

(5) los nombres y las direcciones de las personas que han de ser interrogadas y la sustancia del testimonio que espera obtener de cada una;

(6) su interés en que la deposición sea tomada mediante examen oral o preguntas escritas.

[…]

(c) Orden e interrogatorio. Si el tribunal queda satisfecho de que la perpetuación del testimonio puede impedir un fracaso o una dilación de la justicia, dictará una orden en la que designe o describa las personas cuyas deposiciones podrán ser tomadas, y especifique los asuntos sobre los cuales versará el interrogatorio, así como si las deposiciones deberán ser tomadas mediante interrogatorio oral o escrito. Se podrán entonces tomar las deposiciones de acuerdo con estas reglas y el tribunal podrá dictar órdenes similares a las dispuestas en las Reglas 31 y 32. A los efectos de la aplicación de estas reglas a las deposiciones para perpetuar testimonio, toda referencia en éstas al tribunal ante el cual el pleito esté pendiente se entenderá que significa el tribunal ante el cual se presentó la petición para la toma de tales deposiciones.[11]

El Tribunal Supremo de Puerto Rico, en adelante TSPR, ha establecido que resulta contrario al propósito de este ordenamiento normativo, invocar la Regla 24.1, *supra*, como pretexto para descubrir pruebas sobre las cuales apoyar un procedimiento adversativo futuro.[12] Por lo tanto, la celebración de una deposición antes de un pleito requiere que exista el peligro de que el testimonio no esté disponible por el tiempo necesario, pueda perderse o desaparecer y resulte indispensable perpetuarlo.[13] Así pues, presentes las condiciones descritas y solamente si el tribunal queda convencido de que la deposición solicitada puede prevenir el fracaso o dilación de la

---

[11] 32 LPRA Ap. III, R. 24.1.
[12] *Radio Noroeste Broadcasting v. Rodríguez,* 113 DPR 304, 305 (1982); *In re Pueblo v. United Theatres, Inc.,* 76 DPR 424, 427 (1954).
[13] *Id.*

justicia, tendrá mérito utilizar dicho vehículo incidentalmente para descubrir prueba.[14]

En síntesis, las peticiones en virtud de la Regla 24.1, *supra*, no son susceptibles a interpretaciones flexibles de sus requisitos, en la medida en que:

> las 'deposiciones antes de iniciarse una acción' autorizadas por esa Regla sólo proceden para perpetuar testimonio que siendo del conocimiento de la parte que interesa su perpetuación, existe, sin embargo, el peligro de que pueda perderse o desaparecer, así como de que antes de iniciarse una demanda o procedimiento, esa Regla no puede ser utilizada con el único y exclusivo propósito de descubrir prueba para incoar tal demanda o procedimiento.[15]

**-III-**

La apelante alega que cumplió con todos los requisitos de la Regla 24.1 de Procedimiento Civil, *supra*. Así pues, explicó detalladamente la razón por la que no había podido iniciar el pleito, a saber, la necesidad de culminar una auditoría con relación a dos cuentas bancarias que mantenía en Blue Ocean; además, expuso la naturaleza de la causa de acción: reclamación de fraude, daños e incumplimiento de contrato; y su interés en resarcir los perjuicios patrimoniales sufridos; y presentó los hechos que pretende establecer con las deposiciones, es decir, aquellos "relacionados al manejo de las cuentas bancarias del Huey Sons en el Banco Blue Ocean y al conocimiento que se tenga acerca de los sobrecargos fraudulentos luego de que Blue Ocean entró en el proceso de liquidación".

Finalmente, para Huey Sons, como no se completó el emplazamiento del señor Rollet, la sentencia es nula por falta de parte indispensable.

---

[14] J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, Publicaciones JTS, 2000, Tomo I, pág. 506.
[15] *Radio Noroeste Broadcasting v. Rodríguez, supra*, pág. 306.

En cambio, para OCIF, procede confirmar la *Sentencia* apelada porque la apelante no cumplió con los requisitos de la Regla 24.1 de Procedimiento Civil, *supra*, a saber: "no pudo demostrar: (1) la imposibilidad de iniciar un pleito; (2) la cuestión implicada en el pleito y su interés en este; (3) los hechos que deseaba establecer con los testimonios propuestos y las razones para perpetuarlos; y (4) la sustancia específica de los testimonios a obtener". En todo caso, la Petición es improcedente en cuanto a OCIF porque los testimonios de los funcionarios que Huey Sons pretende deponer están protegidos por los privilegios de abogado cliente; producto del abogado; y ejecutivo y/o deliberativo.

Por su parte, Blue Ocean y Bank Driven sostienen de forma análoga a OCIF, que no erró el TPI al dictar la *Sentencia* apelada porque la Petición incumple con los requisitos de la Regla 24.1 de Procedimiento Civil, *supra*. Además, en la medida en que Huey Sons desistió con perjuicio de una petición anterior, está impedido de presentar la Petición de epígrafe por constituir cosa juzgada.

Para concluir, Blue Ocean y Bank Driven entienden que el argumento sobre la nulidad de la *Sentencia* por falta de parte indispensable es improcedente, porque el señor Rollet es parte del pleito y la *Sentencia* apelada no contiene ningún remedio que afecte sus derechos libertarios o propietarios.

A efectos del resultado alcanzado nos limitaremos a examinar el primer señalamiento de error. Para ello, analizaremos la *Petición al Amparo de la Regla 24.1 de Procedimiento Civil* presentada el 24 de abril de 2024; no

las modificaciones acomodaticias que posteriormente presentó la apelante.[16]

El análisis atento del mencionado documento nos lleva a coincidir, tanto con el TPI, como con OCIF, Blue Ocean y Bank Driven, en que Huey Sons incumplió crasamente con los requisitos de la Regla 24.1 de Procedimiento Civil, *supra*. Veamos.

En primer lugar, la apelante nunca afirmó que esperaba ser parte de un pleito. Por el contrario, respecto a este requisito fue siempre elusiva, ya que en su lugar afirmó que "existe **expectativa** de que se inste una apelación civil"[17] o que existe "**gran indicio**… para la tramitación de dicha futura causa de acción".[18]

En segundo lugar, Huey Sons no expuso las razones por las cuales es imposible iniciar el pleito ahora.

En tercer lugar, la apelante no indica "¿cuál es la cuestión del pleito?", en otras palabras, ¿cuál es la naturaleza de la causa de acción?

En cuarto lugar, Huey Sons no identifica cuáles son los hechos que desea establecer mediante los testimonios solicitados y como fundamento para su perpetuación, aduce que probablemente se tornarán indisponibles.[19]

En quinto lugar, como sustancia del testimonio, Huey Sons espera obtener de los deponentes "**información vital sobre las cuentas de la parte peticionaria** y con autorización y discreción en toma de decisiones por Blue Ocean".[20] Como sustancia para deponer a los funcionarios de OCIF, alega que "**preserva[n] testimonio sobre las decisiones, fiscalización e investigaciones esenciales**

---

[16] Apéndice de la apelante, págs. 1-12.
[17] *Id*., pág. 2. (Énfasis suplido).
[18] *Id*. (Énfasis suplido).
[19] *Id*.
[20] *Id*., págs. 7-8. (Énfasis suplido).

sobre las cuentas objeto de preservación".[21] En cuanto a la funcionaria de Bank Driven, solicita su testimonio porque tiene "[**m]anejo de información como liquidador de las cuentas** objeto de preservar testimonio, reportando a su cliente OCIF".[22]

En sexto lugar, de lo anterior se desprende, inequívocamente, que la apelante desconoce el testimonio de los potenciales deponentes y menos aún puede garantizar su existencia.

En síntesis, estas alegaciones generales e imprecisas no pueden establecer, con razonable precisión, la inminencia de un pleito; su causa de acción; sus potenciales testigos; y el efecto adverso sobre el patrimonio de Huey Sons.

En fin, son a todas luces insuficientes para activar el mecanismo de una disposición procesal como la Regla 24.1 de Procedimiento Civil, *supra,* que opera a manera de excepción.

Sobre el particular, coincidimos con la apreciación del foro recurrido en que el verdadero propósito de la solicitud de la apelante "es descubrir hechos que podrían ser útiles en un litigio futuro".

**-IV-**

Por los fundamentos previamente expuestos, se confirma la *Sentencia* apelada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[21] *Id.*, pág. 9. (Énfasis suplido).
[22] *Id.* (Énfasis suplido).