Petition of the **STATE OF NORTH CAROLINA** to perpetuate the Testimony of Agents, Employees and Officers of Sotheby Parke Bernet, Inc., and Agents, Employees and Partners of Coudert Brothers.

No. 75 Civ. 1322.

United States District Court,
S. D. New York.

Sept. 4, 1975.

Rufus L. Edmisten, Atty. Gen. of N. C., for petitioner State of North Carolina by Thomas M. Ringer, Jr., Associate Atty. Gen., T. Buie Costen, Asst. Atty. Gen., of counsel.

Lupow, Grafstein & Damski, Commack, N. Y., New York Counsel for petitioner by Frederick J. Damski, Commack, N. Y., of counsel.

Theodore N. Kaplan, for respondents Agents, Employees and Officers of Sotheby Parke Bernet, Inc.

Coudert Brothers, New York City, for respondents Agents, Employees and Partners of Coudert Brothers; H. Struve Hensel, New York City, of counsel.

## OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The petitioner, The State of North Carolina, makes this Rule 27, Fed.R. Civ.P., request to take the testimony of witnesses prior to commencing an action to recover a letter supposedly written by George Washington to The State of North Carolina (hereinafter "State") which it believes may belong to the State.

The letter dated August 26, 1790, was consigned for auction to Sotheby Parke Bernet, Inc. in April, 1974. In May, 1974, an official of the State notified Sotheby Parke Bernet of a possible claim against the letter. At a Public auction held on May 21, 1974, the letter was offered but did not draw the minimum acceptable ("reserve") price and the offers were rejected and the item was "bought in" for the owner's account. In the course of continued correspondence with officials of the State, Sotheby Parke Bernet sent a photocopy of the letter. The consignor was also informed by Sotheby Parke Bernet of the possible claim.

On July 17, 1974, Sotheby Parke Bernet informed the State that unless a formal written claim was filed the letter would have to be returned to the consignor pursuant to the consignment agreement. On July 25, 1974, the State sent a letter addressed to the unknown consignor to be transmitted by Sotheby Parke Bernet. This was done. On August 1, 1974, the State was informed that the letter was being turned over to

Mr. Struve Hensel of Coudert Brothers, Attorney for the consignor.

Almost two months later an Associate Attorney General of the State wrote to Sotheby Parke Bernet asking to inspect the letter. He was advised that the letter had already been turned over to the attorney from Coudert Brothers, as per the August 1, 1974 notification.

On March 20, 1975, petitioner requested me to permit an examination of agents, employees and officers of Sotheby Parke Bernet, Inc. and Coudert Brothers, as well as relevant documents in their possession.

The State wishes to discover the identity of the letter's custodian, its whereabouts, its authenticity and its chain of possession. The State argues that the release of the letter to Coudert Brothers and possibly by them to their client, creates a possibility (one that I consider remote) that the letter and its documentation may be destroyed, mutilated or concealed.

■ Rule 27, Fed.R.Civ.P., permits the requested relief where: (1) the anticipated action is within federal jurisdiction; (2) the petitioner is presently unable to bring or cause to be brought the underlying action; and (3) there is a reason or need to perpetuate the testimony sought.

■ The petitioner State is unable even to demonstrate that the anticipated action will be within federal jurisdiction. See *Petition of Ferkauf*, 3 F.R.D. 89 (S.D.N.Y.1943). Although the petitioner claims that the future action will be based on diversity of citizenship and makes a credible argument that the letter in question is worth over $10,000, the State is unable to show that the residence of the custodian is outside of North Carolina and only guesses that the custodian of the letter is a New York citizen.

Admittedly, the petitioner is unable to bring the underlying action because it lacks facts necessary to frame its complaint. It is this very information which the petitioner seeks to gain by this petition. Although Rule 27 is silent on this point, several courts have held that a Rule 27 petition cannot be used for the purpose of ascertaining facts to be used in drafting a complaint.* See, e. g., *In Matter of Gurnsey*, 223 F.Supp. 359 (D.D.C.1963); *Petition of Ferkauf*, 3 F.R.D. 89 (S.D.N.Y.1943); *Petition of Exstein*, 3 F.R.D. 242 (S.D.N.Y.1942). The language in the *Gurnsey* case is unequivocal: "It [Rule 27] is not a method of discovery to determine whether a cause of action exists; and, if so, against whom the action should be instituted." 223 F.Supp. at 360.

Furthermore, I find no merit to petitioner's assertion that the evidence sought to be perpetuated is in danger of being lost. Both of the named respondents are well-established businesses which keep records and files. There has been no showing that these files are in danger of being destroyed. Nor do I think it likely that a letter from George Washington which, according to petitioner, is worth over $10,000 is likely to be destroyed.

Any of the factors examined above appears to be sufficient to defeat the petition. Taken together, they demonstrate that this is not an appropriate case in which to grant a Rule 27 petition to perpetuate testimony.

The respondents' claims of privilege need not be reached and I make no finding on those claims.

The petition is denied.

So ordered.

---

* Petitioner's argument that there is a split of authority on this point is unpersuasive. Professor Moore, cited by petitioner, limits his suggestion that a Rule 27 petition be granted where necessary to frame a complaint to cases in which there is a "mingling of perpetuation and discovery." That is, where the crucial evidence is in imminent danger of destruction. 4 J. Moore, Federal Practice ¶ 27.07[4] (2d ed. 1972).