COMMONWEALTH & another[1] vs. THE CHOATE-SYMMES
HEALTH SERVICES, INC.

Suffolk. September 14, 1989. - November 9, 1989.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & O'CONNOR, JJ.

*Board of Registration in Medicine. Health Care Facility. Hospital,* Peer
review. *Privileged Communication. Statute,* Construction.

Under provisions of G. L. c. 111, § 204, concerning the confidentiality of
"proceedings, reports and records of a medical peer review committee,"
a hospital was not required to produce certain documents in response to
a subpoena issued by the Board of Registration in Medicine in connec-
tion with a pending investigation of a named physician, against whom
no adjudicatory proceeding had been commenced. [28-29]

CIVIL ACTION commenced in the Supreme Judicial Court
for the county of Suffolk on November 23, 1988.

The case was reported by *Wilkins,* J., on a statement of
agreed facts.

*Judith Fabricant,* Assistant Attorney General, for the
plaintiffs.

*John C. Kane, Jr.,* for the defendant.

*Patrick R. Carroll, William T. McGrail & Dorothy
Grandolfi Wagg,* for Massachusetts Hospital Association,
Inc., amicus curiae, submitted a brief.

WILKINS, J. We are required once again to construe am-
biguous language in G. L. c. 111, § 204, inserted by St.
1986, c. 351, § 9, and amended by St. 1987, c. 467, § 3, and
St. 1987, c. 579, § 2. Section 204 concerns the confidentiality
of proceedings, reports, and records of a hospital's medical
peer review committee. In *Beth Israel Hosp. Ass'n* v. *Board
of Registration in Medicine,* 401 Mass. 172 (1987), we con-

---

[1]Board of Registration in Medicine.

sidered the validity of a regulation of the Board of registration in Medicine (board) that purported to extend the board's broad access to peer review committee records outside the context of formal board investigations and proceedings. We noted provisions of § 204 (a) concerning the confidentiality of peer review committee records and barring the procurement of such records by subpoena "in any judicial or administrative proceeding, except proceedings held by the board of registration in medicine." We concluded that that limitation in § 204 (a) should be recognized in the face of more general language in § 204 (b) stating that § 204 did not apply "to any investigation or administrative proceeding conducted by the board of registration in medicine." Id. at 182. In short, we rejected the argument that the board had broad access to peer review committee records on the basis of general language (§ 204 [b]) that conflicted with what appeared to be a narrowly crafted exception allowing access only in administrative proceedings of the board (§ 204 [a]).

The same language is the focus of the case before us, which is here on a statement of agreed facts, following a reservation and report of the case by a single justice of this court. The issue arises because the defendant hospital, in response to a subpoena issued by the board concerning a specific physician's conduct, declined to furnish materials that it regarded as privileged peer review committee materials. The plaintiffs applied for an order compelling compliance with the subpoena and sought a declaration that the board has the power to compel production of records of medical peer review committees in connection with a pending investigation of a named physician even before any adjudicatory proceeding under G. L. c. 30A has been commenced against that physician. The reservation and report followed.

We see the issue here as being substantially the same as the issue in the Beth Israel case that is described above. In this case the board's argument is more appealing than it was in the earlier case. Accepting our decision in the Beth Israel case, the board argues that it should have and does have a right of access to peer review committee records when it is

investigating a complaint concerning the conduct of a specific physician.

The relevant statutory language, however, is essentially the same as in the *Beth Israel* case and has been reenacted by the Legislature since our opinion was issued in that case. See St. 1987, c. 467, § 3. That reenactment, of course, preserved the tension between § 204 (*a*) and § 204 (*b*). A second 1987 amendment, inserting § 204 (*e*), increased that tension by referring to § 204 (*a*) and § 204 (*b*) as "subsections." St. 1987, c. 579, § 2. It thus strengthened the board's claim that the broad exemption of subsection (*b*) applied to all of § 204. However, it also perpetuated the confusion by referring to an exemption allowing certain disclosures in "proceedings or investigations specified in subsections (*a*) and (*b*)." Subsection (*a*), however, does not use the word "investigation." The only reference to an investigation in subsection (*b*) is the language concerning an investigation by the board, which in the *Beth Israel* case we decided did not override the explicit statement of confidentiality in subsection (*a*).

We elect to adhere to the position stated in the *Beth Israel* case. It may fairly be argued that, by reenacting the language we construed in that case, the Legislature has adopted our interpretation of it. See *Massachusetts Mut. Life Ins. Co.* v. *Commissioner of Corps. & Taxation*, 363 Mass. 685, 691 (1973); *Hertrais* v. *Moore*, 325 Mass. 57, 61 (1949). If the board wants authority to obtain peer review committee records in a preliminary investigation, undertaken before the board has begun a proceeding against a physician, it should seek authority from the Legislature.

A judgment shall be entered declaring that, pursuant to G. L. c. 111, § 204, the hospital is not required to produce documents in response to the subpoena issued by the board to the extent that those documents are "proceedings, reports and records of a medical peer review committee." The extent to which the documents the hospital did not produce are entitled to protection from disclosure is not argued here. If the board wishes to press its claim of access, and the parties can-

not agree on which documents are protected from disclosure, the dispute will have to be resolved.

*So ordered.*