**In re Elsie STORCK, Executrix of the Estate of Edward J. Storck, Petitioner.**

**No. CIVAMBD98–30010–MAP.**

United States District Court, D. Massachusetts.

June 2, 1998.

Timothy P. O'Neill, C. Alex Hahn, Hanify & King, P.C., Boston, MA, for Elsie Storck.

Dawn M. Rich, Morrison, Mahoney & Miller, Springfield, MA, for Berkshire Health Systems, Inc.

*MEMORANDUM AND ORDER WITH REGARD TO PETITION TO COMPEL DOCUMENT PRODUCTION BY BERKSHIRE HEALTH SYSTEMS, INC. (Docket No. 01)*

NEIMAN, United States Magistrate Judge.

Elsie Storck ("Petitioner") is the executrix of the estate of her late husband Edward J. Storck. Relying on Fed.R.Civ.P. 27 and 34, Petitioner asks the court to order Berkshire Health Systems, Inc. ("Berkshire Health"), to produce certain documents in its possession relating to the death of her husband. As grounds, Petitioner states that "these doc-

uments are essential to her probable law suit against parties whose negligence led to her husband's death at Berkshire Medical Center on September 24, 1997" as the evident result of a contaminated blood transfusion. For the reasons which follow, the petition will be denied.

The underlying facts of the case need not be set forth in detail, given that the parties appear to be in essential agreement about the surgery and blood transfusion which ultimately led to Mr. Storck's death "consistent with septic shock." Petitioner now seeks a variety of documents which she previously requested in a series of letters to various administrators at Berkshire Health. In response to the petition, Berkshire Health has either provided the documents sought by Petitioner or avows, through various affidavits, that the remaining documents simply do not exist. The only document which Berkshire Health acknowledges as existing but undiscovered are minutes of its Transfusion Committee which, Berkshire Health asserts, are protected from disclosure by law.

■ Fed.R.Civ.P. 27, upon which Petitioner relies, enables a person under certain limited circumstances to seek the perpetuation of testimony prior to commencement of suit. *In the Matter of the Application of Sitter*, 167 F.R.D. 80, 81–82 (D.Minn.1996). The rule, in essence, governs the preservation of deposition testimony under oath. Acknowledging that she is not seeking such a deposition, but merely the production of documents, Petitioner relies on that part of the rule which allows that depositions "be taken in accordance with these rules" and which enables the court to "make orders of the character provided for by Rules 34 and 35." Fed.R.Civ.P. 27(a)(3). Petitioner then goes to some length to argue that the production of documents pursuant to Rule 34 may be had without resort to deposition testimony. *See In re Petition of Thomas*, 155 F.R.D. 124, 126 (D.Md.1994) ("[T]he over-all objective of Rule 27 is to perpetuate evidence for use in a prospective action and to the extent that a use of Rules 34 and 35 will yield such evidence, these Rules should now be available under amended Rule 27, whether or not they are utilized in conjunction of the taking

of some deposition.") (quoting James W. Moore et al., Moore's Federal Practice, § 27.13 (2d ed.1993)).

■ Even were the court to conclude that the production of documents in this manner would be appropriate under Rule 27, as was true in the unique situation presented in *Petition of Thomas* (death row inmate petitioning for discovery to obtain evidence establishing that sentence of death by lethal gas constitutes cruel and unusual punishment), that situation is not presented here. However it is used, Rule 27 still has as its underlying purpose the preservation of evidence which would be unavailable otherwise. The rule is not designed to allow pre-complaint discovery. *See Penn Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1376 (D.C.Cir.1995) ("A Rule 27(a) deposition may not be used as a substitute for discovery.") (internal quotation marks omitted); *see also In re Petition of Ford*, 170 F.R.D. 504, 507 (M.D.Ala.1997); *In re Killian*, 14 F.R.D. 471 (D.Mass.1953).

■ In the case at bar, Petitioner makes little secret of the fact that her purpose in seeking the documents is discovery. "An order compelling production of the documents sought by [Petitioner] is essential, since without such documents, [Petitioner] will lack the basic information needed to bring suit against any party that may have been negligent in her husband's death." Petition (Docket No. 01) at 6. To accomplish her goal, however, Petitioner simply ignores, if not distorts, the preservation component of the rule. For example, Petitioner asserts, relying on *Petition of State of North Carolina*, 68 F.R.D. 410, 412 (S.D.N.Y.1975), that the document discovery she seeks "is permitted where (1) the anticipated action is within federal jurisdiction, (2) the petitioner is presently unable to bring or cause to [be] brought the underlying action, and (3) there is reason or need to obtain the information sought." Petition at 6. This is not an accurate rendering of that decision, however. Although the first two subparagraphs accurately paraphrase, if not quote, the language in *Petition of North Carolina*, the third prong of the court's ruling actually reads as follows: "(3) there is reason or need to *perpetuate* the

testimony sought." *Id.* at 412 (emphasis added). Petitioner has obviously substituted the word "obtain" for the word "perpetuate."

Having failed to convince the court of the need to perpetuate the one document which evidently remains outstanding, Petitioner's request is clearly inadequate on its face. Accordingly, the court need not address Berkshire Health's contention with respect to that one document, that it is protected from disclosure by operation of law. As a result, even though Berkshire Health cites a number of cases for the proposition that medical peer review committee notes are protected from disclosure, *see Swatch v. Treat,* 41 Mass.App.Ct. 559, 671 N.E.2d 1004, 1007 (1996); *Commonwealth v. Choate–Symmes Health Servs., Inc.,* 406 Mass. 27, 545 N.E.2d 1167 (1989); *Beth Israel Hosp. Assoc. v. Bd. of Registration of Medicine,* 401 Mass. 172, 515 N.E.2d 574, 579 (1987); *Hughes v. American Regent Lab.,* 144 F.R.D. 177 (D.Mass. 1992), the court does not address, at least at this time, whether those decisions apply to the reports and minutes of Berkshire Health's Transfusion Committee.

For the foregoing reasons, the Petition is DENIED.