**In re the Matter of MURPHY
& COMPANY, INC.**

**No. ED 78900.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 16, 2001.

Thomas B. Weaver, Cynthia A. Sciuto, St. Louis, for appellant.

Gregory P. White, Clayton, for respondent.

LAWRENCE G. CRAHAN, Judge.

International Business Machines Corporation ("IBM") appeals the judgment authorizing Murphy & Company, Inc. ("Murphy") to perpetuate testimony pursuant to Rule 57.02. We reverse and remand.

Murphy brought this action pursuant to Rule 57.02, which permits a person presently unable to bring an action or cause it to be brought to seek an order allowing the perpetuation of testimony by filing a verified petition in the circuit court in the county of residence of any expected adverse party.[1] According to its petition,

---

1. Rule 57.02(a)(1) provides:

(1) Petition. A person who desires to perpetuate testimony of any person regarding any matter that may be cognizable in any court of Missouri may file a verified petition in the circuit court in the county of the residence of any expected adverse party.

The petition shall be captioned in the name of the petitioner and shall show: (1) that the petitioner expects to be a party to an action cognizable in a court of Missouri but is presently unable to bring it or cause it to be brought, (2) the subject matter of the expected action and the petitioner's interest

Murphy entered into a contract with a Japanese company, Technology Interlink Management, K.K., to perform consulting and marketing services in connection with online banking. A copy of the contract was attached to the petition. The contract expressly states that it is solely for the benefit of the contracting parties or their successors and is not assignable. Murphy alleged that its representative, Paul Murphy, traveled to Japan to perform the contracted services. While in Japan, Paul Murphy met with the President of Technology Interlink Management and the Manager of Solution Branch Office No. 2 of IBM Japan, Ltd. and was introduced to various clients of IBM Japan, Ltd. for the purpose of performing the contracted services. Murphy performed the contracted services, which were allegedly of benefit to IBM Japan, Ltd.. The President of Technology Interlink Management has acknowledged that it owes Murphy $22,178.65 and has promised to pay this amount on numerous occasions but has failed to do so. According to the petition, the President of Technology Interlink Management has represented to Murphy that IBM Japan, Ltd. has not paid it for work performed by Murphy.

Murphy claims that it expects to be a party plaintiff in an action cognizable in a court of Missouri but is presently unable to bring the action due to its inability to obtain information. The subject matter of the expected action is a breach of contract action against Technology Interlink Management, K.K., and claim for unjust enrichment and quantum meruit against IBM Japan, Ltd. The petition seeks an order requiring IBM and IBM Japan, Ltd. each to designate a corporate representative for deposition to permit Murphy to determine "what causes of action exist, if any, as well as what writs, if any, can be brought against IBM Corporation, IBM Japan, Ltd., or parties unknown." Specifically Murphy seeks to depose the designees about:

1) The relationship between International Business Machine Corporation and IBM Japan, Ltd.;

2) All obligations, duties and benefits arising as a result of any relationship between the two entities;

3) What presence, if any, IBM Japan, Ltd. has in the United States;

4) The officers, directors and Managing Member of IBM Japan, Ltd.;

5) Monies due IBM Japan, Ltd. from IBM and Qunio Takashima, Technology Interlink;

6) Audit committees of IBM and IBM Japan, Ltd.;

7) Amounts payable from IBM to IBM Japan, Ltd.;

8) All contracts by and between IBM and Technology Interlink;

9) All amounts payable from IBM and Technology Interlink;

10) All contracts between IBM Japan, Ltd. and Technology Interlink;

11) All ongoing work by and between IBM Japan, Ltd. and Technology Interlink;

12) All payments due to Technology Interlink; and

therein, (3) the facts desired to be established by the proposed testimony and the reasons for desiring to perpetuate it, (4) the names or a description of the persons expected to be adverse parties and their addresses so far as known, and (5) the names and addresses of the persons to be examined and the substance of the testimony that is expected to be elicited from each.

The petitioner shall ask for an order authorizing the taking of the depositions of the persons to be examined named in the petition, for the purpose of perpetuating their testimony.

13) The relationship between IBM Japan, Ltd. and Technology Interlink, with respect to work performed by Murphy & Company for Technology Interlink;

Contrary to the provisions of Rule 57.02(a)(2)[2] and without notice to any of the named potential defendants, the trial court entered an *ex parte* order authorizing Murphy to depose a corporate designee of IBM on the subjects indicated in the petition. Upon service of Murphy's notice of deposition, IBM entered its limited appearance and moved to quash the deposition and to dismiss the petition on the grounds that, *inter alia*, the petitioner had not followed the procedures set forth in Rule 57.02(a)(2) and the nature of the discovery sought by Murphy was not authorized by Rule 57.02. The trial court quashed the notice of deposition, ordered by Murphy to serve its petition on IBM and scheduled a hearing on IBM's motion to dismiss. Following argument of IBM's motion, the trial court entered judgment denying IBM's motion to dismiss and its motion to quash, effectively reinstating its prior authorization to depose IBM's corporate designee. IBM then filed the instant appeal.

■ Although neither party challenges our jurisdiction, we observe that the issue of whether a judgment authorizing a deposition to preserve testimony pursuant to Rule 57.02 is a final and appealable judgment is apparently a question of first impression in Missouri. A final judgment for purposes of appeal is one that disposes of all of the issues and parties to an action. *Saeuberlich v. Saeuberlich,* 782 S.W.2d 78, 81 (Mo.App.1989). Application of this tenet to the proceeding contemplated in Rule 57.02 is somewhat confusing in that the rule essentially contemplates only one party, the petitioner, and service of the petition on those persons or entities "expected to be adverse parties" in some future litigation. Rule 57.02(a)(1). There is no provision for such expected adverse parties to file an answer to the petition and it is not clear that the rule contemplates that service of the petition makes them parties to the proceeding. They do have the right to participate in any deposition that may be ordered by the court but the proceeding contemplated in Rule 57.02 will not result in adjudication of any claim that may later be filed against them. The person or entity to be deposed need not be an expected adverse party and ordinarily would not be considered a party to the Rule 57.02 proceeding any more than would a non-party witness to be deposed in a typical case. Nevertheless, by its entry of appearance and filing its motion to quash and dismiss, IBM effectively made itself a party to the proceeding and is clearly aggrieved by the judgment. A rule 57.02 proceeding presents only one issue: Whether preservation of the testimony may prevent a failure or

---

**2.** Rule 57.02(a)(2) provides:

(2) Notice and Service. The petitioner shall thereafter serve a notice upon each person named in the petition as an expected adverse party, together with a copy of the petition, stating that the petitioner will apply to the court, at a time and place named therein, for the order described in the petition. At least thirty days before the date of hearing, the notice shall be served either within or without the state in the manner provided for service of summons; but if such service cannot with due diligence be made upon any expected adverse party named in the petition, the court may make such order as is just for service by publication or otherwise and shall appoint, for persons not personally served with a summons in this state, an attorney who shall represent them and, in case they are not otherwise represented, shall cross-examine the deponent. If any expected adverse party is a minor or incompetent the provisions of Rule 52.02 apply.

delay of justice.[3] The judgment in this case fully disposes of that issue and thus qualifies as a final judgment for purposes of appeal. This conclusion is consistent with the federal decisions construing Fed. R.Civ.P. 27 which was the source of Missouri's Rule 57.02. *Mosseller v. United States*, 158 F.2d 380, 383 (2nd Cir.1946) (Order authorizing deposition pursuant to Fed.R.Civ.P. 27(a) is final for purposes of appeal); *Ash v. Cort*, 512 F.2d 909, 912 (3rd Cir.1975) (Order denying motion to perpetuate testimony pursuant to Fed. R.Civ.P. 27(b) is final for purposes of appeal). Accordingly, we conclude that we have jurisdiction to decide this appeal.[4]

In its sole point on appeal, IBM claims the trial court abused its discretion in authorizing the deposition of its corporate designee because Murphy failed to demonstrate why it is necessary to perpetuate such testimony. Further, IBM claims the record establishes that Murphy is attempting to use Rule 57.02 for an improper purpose—*i.e.*, to conduct discovery in the absence of any exigency to determine whether a cause of action exists against IBM. We agree with both of these contentions.

 Whether Rule 57.02 may be employed in the manner proposed by Murphy is also a question of apparent first impression in Missouri. Neither party has cited any Missouri cases construing Rule 57.02 and our own independent research failed to produce any applicable Missouri precedent. However, the Committee Note to Rule 57.02 states that the rule is substantially the same as Fed.R.Civ.P. 27. When a Missouri rule is adopted from a federal rule, federal cases construing the federal rule are considered strong persuasive authority. *Butler v. Hurlbut*, 826 S.W.2d 90, 94 (Mo.App.1992). The clear consensus of the federal courts construing Fed.R.Civ.P. 27 is that it is intended to "apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced. Such testimony would thereby be perpetuated or kept in existence and, if necessary, would be available for use at some subsequent time." *Petition of Ferkauf*, 3 F.R.D. 89, 91 (S.D.N.Y.1943); *see also In re Storck*, 179 F.R.D. 57, 58 (D.Mass.1998) (purpose is preservation of evidence that would otherwise become unavailable); *In Matter of Gurnsey*, 223 F.Supp. 359, 360 (D.D.C. 1963) (purpose is preservation of testimony of witness when testimony may become unavailable as a result of the passage of time). Situations which have been found sufficient to support a determination that testimony may become unavailable include

---

3. Rule 57.02(a)(3) provides:

 (3) Order and Examination. If the court is satisfied that the perpetuation of the testimony may prevent a failure or delay of justice, is shall make an order designating or describing the persons whose depositions may be taken and specifying the subject matter of the examination and whether the depositions shall be taken upon oral examination or written questions. The depositions may then be taken in accordance with these Rules; and the court may make orders of the kind provided for by Rules 58.01 and 60.01. For the purpose of applying these Rules to depositions for perpetuating testimony, each reference therein to the court in which the action is pending shall be considered as referring to the court in which the petition for such deposition was filed.

4. Although we conclude that the judgment in this case is a final and appealable judgment, we further note that this does not mean that review by way of appeal, even on an expedited basis, will always be an adequate remedy. If the sort of exigent circumstances contemplated by the rule do exist, a writ of prohibition or mandamus may well be a more timely and appropriate remedy.

advanced age of the witness, *Penn. Mut. Life Ins. Co. v. United States*, 68 F.3d 1371, 1374 (D.C.Cir.1995); life threatening injuries suffered by a potential witness, *Mosseller, supra.;* or a witness about to leave the country, *In re Deiulemar Di Navigazione, S.p.A.*, 153 F.R.D. 592, 593 (E.D.La.1994). *See also,* 6 J. Moore, Moore's Federal Practice, sec. 27.13[4] (3rd ed.1998).

In this case, even a cursory review of the type of information sought by Murphy demonstrates that it is not the sort of information that is likely to become unavailable through the passage of time. All of the information is presumably obtainable from the corporate records of IBM and will be equally available to Murphy when, and if suit is ever filed.

■ There is also a clear consensus that Fed.R.Civ.P. 27 "is not a method of discovery to determine whether a cause of action exists; and, if so, against whom the action should be instituted." *In Matter of Gurnsey*, 223 F.Supp. at 360; *Petition of Gary Construction, Inc.*, 96 F.R.D. 432, 433 (D.Colo.1983); *Petition of the State of North Carolina*, 68 F.R.D. 410, 412 (S.D.N.Y.1975); *Petition of Ferkauf*, 3 F.R.D. at 90–91 (tracing history of rule, cases cited in Advisory Committee Note and contemporaneous comments of Advisory Committee member in concluding that purpose was not to enable a prospective litigant to discover facts upon which to frame a complaint). *See also,* 8 C. Wright, A. Miller & R. Marcus, Federal Practice and Procedure, sec.2071, at 651–53 (1994).

■ In this case, Murphy clearly states in its petition that it seeks discovery against IBM and IBM Japan, Ltd. to determine "what causes of action exist, if any, as well as what writs, if any, can be brought against IBM Corporation, IBM Japan, Ltd., or parties unknown." As the foregoing authorities establish, this is not a permissible predicate for relief under Fed. R.Civ.P. 27 and we hold it likewise fails, in the absence of any exigency, to state a claim under Missouri Rule 57.02. Accordingly, we reverse the judgment and remand with directions to dismiss the petition.

SULLIVAN, P.J., and MOONEY, J., concurs.