**In re Petition of Myrtle SPEARMAN, Respondent,**

v.

**WESTERN MISSOURI MENTAL HEALTH CENTER, Appellants.**

**No. WD 61823.**

Missouri Court of Appeals, Western District.

June 30, 2003.

---

Susan K. Glass, Jefferson City, for Appellant.

Leland F. Dempsey, Kansas City, for Respondent.

Before HOWARD, P.J., ULRICH and HARDWICK, JJ.

LISA WHITE HARDWICK, Judge.

Western Missouri Mental Health Center appeals from the circuit court's determination that Myrtle Spearman is entitled to obtain information regarding her deceased son's medical records. We reverse in part and affirm in part.

## Factual and Procedural History

On April 16, 2002, Myrtle Spearman filed in the Circuit Court of Jackson County a "Petition to Perpetuate Testimony (under Rule 57.02) and to Produce Medical Records Pursuant to § 191.227.1, § 630.110.1(6), § 630.140, and § 630.167.3(1) RSMo." Spearman is the mother of Charles Johnson, who died in the early morning hours of April 28, 2001, while he was a patient at the Western Missouri Mental Health Center (WMMHC). Spearman sought disclosure of her son's medical records in order to investigate the mysterious circumstances of his death after he choked on a peanut butter sandwich. Citing confidentiality concerns, WMMHC refused to release the records or identify a designated agent to testify concerning the records.

In the Petition, Spearman alleged she was entitled to obtain information about her son's medical records as the surviving parent and appointed representative of the decedent's estate. In Count I, she sought to perpetuate the testimony of WMMHC's designated agent regarding the medical records pursuant to Rule 57.02.[1] In Count II, she sought production of the medical records pursuant to Sections 191.227.1, 630.110.1(6), 630.140, and 630.167.3(1).[2]

On August 22, 2002, following a hearing, the circuit court entered judgment in Spearman's favor on both counts of the Petition. The court ordered WMMHC to produce copies of the medical records to Spearman within seven days. The court also ordered the issuance of a subpoena duces tecum requiring a designated agent of WMMHC to appear for a deposition. WMMHC appeals, contending Spearman was not entitled to relief on either count of the petition.

## Standard of Review

■ In this court-tried case, we must affirm the judgment unless it is unsupported by substantial evidence, against the weight of the evidence, or erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

## Count I

WMMHC contends the circuit court erroneously applied Rule 57.02 in granting relief on Count I of the petition.

■ Rule 57.02 provides in relevant part that "[a] person who desires to perpetuate testimony regarding any matter that may be cognizable in any court in Missouri may file a verified petition in the circuit court in the county of the residence of any expected adverse party." This rule is intended to "apply to situations where, for one reason or another, testimony might be lost to a prospective litigant unless taken immediately, without waiting until after a suit or other legal proceeding is commenced." *In re Murphy & Co. Inc.*, 59 S.W.3d 39, 43 (Mo.App. E.D.2001). Situations which have been found to support a finding that testimony may become unavailable include the advanced age of the witness, life-threatening injuries suffered by a witness, or a witness plans to leave the country. *Id.* at 44. Rule 57.02 is not a method of discovery to determine whether a cause of action exists. *Id.* at 43. The purpose of the rule is to preserve testimony that may not be available after a lawsuit is commenced.

WMMHC contends that Spearman sought to perpetuate testimony under Rule 57.02 for the improper purpose of investigating whether a claim could be filed for the wrongful death of her son. In review-

---

1. All rule citations are to the Missouri Rules of Civil Procedure 2002.

2. All statutory citations are to the Missouri Revised Statutes 2000.

ing Count I of the Petition, we note that Spearman alleges she will be "unable to establish and plead her action" without obtaining the information requested from WMMHC. Spearman does not allege in her petition that no designated agent of WMMHC will be available to testify if a lawsuit is filed.

In her Appellee's Brief, Spearman admits she does not know whether certain witnesses or evidence will be unavailable for trial. She argues that she should be allowed to depose a designated agent to determine his or her availability. She further acknowledges filing her Petition under Rule 57.02 as a means of determining whether she can "bring a viable cause of action" and "identify a responsible party."

■ We agree with WMMHC that Spearman was not entitled to relief under Rule 57.02 for the purpose of discovering information to determine what causes of action could be brought in connection with her son's death. The circuit court erroneously applied Rule 57.02 in ordering the issuance of a subpoena to perpetuate testimony of WMMHC's designated agent. The judgment in favor of Spearman on Count I is reversed.

### Count II

In Count II, Spearman sought production of her son's medical records pursuant to Section 191.227, which authorizes the release of a patient's medical records, and Section 630.110 et seq., which addresses the rights of mental health patients. WMMHC contends the circuit court erroneously applied the law in granting relief under these statutes because mental health medical records are deemed confidential by Section 630.140, and Spearman "failed to demonstrate that any other statutory provision defeats this confidentiality."

The judgment in favor of Spearman on Count II ordered WMMHC to produce the subject medical records, but did not state whether the court was granting relief based on Section 191.227 or Section 630.110 et seq., or both. For purposes of our review, we need only determine whether Spearman was entitled to relief on one of the two statutory theories pled.

Section 191.227.1 provides in relevant part:

All physicians, chiropractors, hospitals, dentists, and other duly licensed practitioners in this state, herein called "providers", shall, upon written request of a patient, or guardian, or legally authorized representative of a patient, furnish a copy of his record of that patient's health history and treatment rendered to the person submitting a written request, except that such right shall be limited to access consistent with the patient's condition and sound therapeutic treatment as determined by the provider.

This provision "creates a right for patients to be furnished their medical records on request." *Carter v. St. John's Reg'l Med. Ctr.*, 88 S.W.3d 1, 14 (Mo.App. S.D.2002). The statute also extends this property right to a patient's legal representative.

WMMHC argues that Section 191.227.1 is applicable to medical records in general, while Section 630.140 more specifically governs the release of mental health records. Section 630.140 provides that a patient's mental health records are confidential and can be disclosed to the parents of a minor; a guardian or other person having legal custody of the patient; the patient's attorney or personal physician; law enforcement representatives; and agencies authorized to act on behalf of a patient who does not have a legal guardian or representative. This statute does not expressly permit or prohibit the release of records to the patient's "legally authorized representative" as does Section 191.227.1. Citing to principals of statutory construc-

tion, WMMHC contends the mental health records provision of Section 630.140 controls over the general medical records provision of Section 191.227.1. *Robinson v. Health Midwest Dev. Group*, 58 S.W.3d 519, 522 (Mo. banc 2001).

The rule that a more specific statute governs over a more general statute only applies in situations where there is a "necessary repugnancy" between the statutes. *Greenbriar Hills Country Club v. Dir. of Revenue*, 47 S.W.3d 346, 352 (Mo. banc 2001). WMMHC has failed to assert any conflict between Sections 191.227.1 and 630.140 that would necessarily preclude application of the general medical records release statute. Both statutes allow the release of medical records under certain conditions and the general release provision of Section 191.227.1 does not permit disclosure to any party specifically prohibited by Section 630.140. We find no conflicting language between the statutes, nor is there any language indicating the legislature's intent to make the statutes mutually exclusive. *Id.* In the absence of a necessary repugnancy between the two statutes, the circuit court did not err in applying Section 191.227.1 to the facts of this case.

As the authorized legal representative of her son's estate, Spearman was entitled to production of her son's medical records pursuant to Section 191.227.1. The circuit court properly ruled in Spearman's favor on Count II.

## Conclusion

The judgment of the circuit court is reversed on Count I and affirmed on Count II.

All concur.